MATTHEW S. PONZI (Admitted *Pro Hac Vice*)
EDWARD P. MURPHY (State Bar No. 182778)
**FORAN GLENNON PALANDECH**
**PONZI & RUDLOFF PC**
38 Corporate Park
Irvine, CA 92606
Telephone: (949) 791-1060
Facsimile: (949) 791-1070
Email: mponzi@fgppr.com
emurphy@fgppr.com

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT OF CALIFORNIA

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE L. MALKIN, | Case No. 21-cv-00172-CAS-PDx |
| Plaintiff, | **FEDERAL INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, | |
| Defendant. | **[Fed. Rules of Civ. Proc., Rule 12(c)]** |
| | Complaint Filed: 12/14/2020 |
| | Trial Date: 03/14/2023 |

# TABLE OF CONTENTS

I.      Introduction ................................................................................. 1

II.     Procedural Defects in Plaintiff's Motion for Judgment on the
        Pleadings .................................................................................... 1

III.    Applicable Law ........................................................................... 3

IV.     Argument .................................................................................... 4

        A.      Plaintiff's claim is excluded even if Plaintiff proves the
                allegations of the Complaint and all of the Stipulated
                Facts. .................................................................................... 4

        B.      Plaintiff's damages were not caused by the Thomas Fire
                – this is not a *Howell* situation.  Several exclusions
                unambiguously apply to preclude coverage based on the
                Stipulated Facts. .................................................................. 5

        C.      The California Supreme Court's decision in *Julian*
                demonstrates that the Federal Policy's exclusions are
                enforceable even if the Plaintiff proved that the Thomas
                Fire contributed to the alleged earth movement ......................... 9

        D.      The Department of Insurance materials do not save
                Plaintiff's deficient arguments. ......................................... 13

V.      No Waiver of Other Arguments and Positions .................................... 14

VI.     Conclusion ............................................................................... 14

-i-

FEDERAL INS. CO.'S MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
Case No.  21-cv-00172-CAS-PDx

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Cases**

4

*Brodkin v. State Farm Fire & Cas. Co.*, 217 Cal.App.3d 210, 216 (1989) .......... 4

5

*Davis v. United Servs. Auto Ass'n,*, 223 Cal.App.3d 1322, 1331-32
(1990) ...................................................................................................... 4

6

7

*De Bruyn v. Superior Ct.*, 158 Cal. App. 4th 1213, 1224 (2008)........................ 10

*Garvey v. State Farm Fire & Cas. Co.*, 48 Cal.3d 395, 402-404, 407
(1989) ......................................................................................... 3, 4, 9, 13

8

9

*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day
Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.
1989).......................................................................................................... 3

10

11

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542,
1550 (9th Cir. 1990) ................................................................................. 2

12

13

*Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 961 (2010)....................... 15

14

*Howell v. State Farm Fire & Cas. Co.*, 218 Cal. App. 3d 1446, 1449
(Cal. Ct. App. 1990), *disapproved of by Reid v. Google, Inc.*, 50
Cal. 4th 512 (2010)............................................................................passim

15

16

*Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747, 760 (2005), *as
modified* (May 5, 2005) ....................................................................passim

17

*Murray v. State Farm Fire & Cas. Co.*, 219 Cal.App.3d 58, 64, fn. 2
(1990) ...................................................................................................... 4

18

19

*Roberts v. Assurance Co. of America*, 163 Cal.App.4th 1398, 1411
(2008) ...................................................................................................... 4

20

*State Farm Fire & Casualty Co. v. Von Der Lieth*, 54 Cal. 3d 1123, 1131
(1991) ................................................................................................. 3, 14

21

22

*Vardanyan v. AMCO Ins. Co.*, 243 Cal. App. 4th 779, 793 (2015) ................... 14

*Waldsmith v. State Farm Fire & Cas. Co.*, 232 Cal.App.3d 693, 697
(1991) ...................................................................................................... 4

23

24

**Statutes**

25

Cal. Ins. Code § 530.5........................................................................................... 5

26

Cal. Ins. Code. § 530............................................................................... 6, 9, 10

27

28

FEDERAL INS. CO.'S MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
Case No.  21-cv-00172-CAS-PDx

## I.     INTRODUCTION

Plaintiff Katherine Malkin's ("Plaintiff's" or "Malkin's") Motion for Judgment on the Pleadings ("Plaintiff's Motion") should be denied because it is premised on arguments that are irreconcilable with the stipulated facts that the parties agreed to in their *Joint Stipulation Of Facts In Support Of Parties' Motions For Judgment On The Pleadings* (Docket No. 32) (the "Stipulated Facts"), and it is irreconcilable with the California Supreme Court's directly on point decision in *Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747, 760 (2005), *as modified* (May 5, 2005) ("*Julian*").  Although Plaintiff pretends that one of the Stipulated Facts is that the Thomas Fire was the efficient proximate cause of the losses alleged by Plaintiff, that is not what is stated in the Stipulated Facts.  Rather, the question presented is whether, if Plaintiff proves the facts set out in the Stipulated Facts, the loss is nonetheless excluded by the terms and condition of the insurance policy issued to Plaintiff by Federal.  Because the Policy indisputably precludes coverage based on the Stipulated Facts, Plaintiff's motion should be denied, and Federal's Cross-Motion (Docket No. 33) should be granted.

## II.    PROCEDURAL DEFECTS IN PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

As a preliminary matter, the imprecise language of Plaintiff's motion contravenes the parties' Joint Motion for Leave to File Cross-Motions (the "Joint Motion") (Docket No. 28), which provides:

> Solely for purposes of the parties' cross-motions for Judgment on the Pleadings on the Coverage Issue, Malkin and Federal would stipulate to a set of undisputed facts and allegedly applicable policy exclusions (collectively, the "Stipulated Facts") in support of their respective cross-motions. Based on these Stipulated Facts, the Court would rule as a matter of law whether, under the facts and defenses alleged, the policy affords

coverage for Mrs. Malkin's claim or whether certain policy language and exclusions contained in the policy would preclude coverage even if Mrs. Malkin were to otherwise prevail on the Causation Issue. Thus, the parties' briefing would focus on policy interpretation, which is a question of law for the Court.

The parties agree that a ruling on the Coverage Issue will materially affect the scope of this litigation. If the Court rules that Federal is entitled to judgment based on the insurance policy coverage and exclusions as applied to the cause of the property damage as alleged by Mrs. Malkin, then the case would end because such a ruling would mean that, even if Mrs. Malkin were to win on every factual issue at trial, Chubb would still not be liable. If the Court denies Federal's motion, the ruling would streamline the case for trial and confirm that the considerable party and judicial resources that would need to be spent to that end would not be spent for naught.

Plaintiff cannot permissibly seek a "judgment" in the sense contemplated by Federal Rule 12(c) because the parties have agreed that the Stipulated Facts (Docket No. 32) are *solely* for purposes of litigating the impact of the "insurance policy coverage and exclusions as applied to the cause of property damage as alleged by Ms. Malkin."  *See* Docket No. 28; *see also Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990) ("Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is *entitled to judgment* as a matter of law.") (emphasis added).  The purpose of stipulating to facts solely for purposes of the cross-motions was to allow the Court to determine how the Policy applies as a matter of law *if* the Stipulated Facts are proven.  Plaintiff is not entitled to any judgment that contravenes either the Joint Motion (Docket No. 28) or the Stipulated Facts that were agreed to solely for the purposes identified in the Joint Motion.  The scope of the motion must be confined to a request by Plaintiff for a finding that *if* Plaintiff proves all Stipulated Facts *and* proves that the

-2-

efficient proximate cause of the loss is the Thomas Fire, _**then**_ the exclusions do not preclude coverage for the specific damages that are proven to have been caused by the Thomas Fire. *See* Plaintiff's Motion, fn. 2 (reflecting this limitation on the relief sought); *see also General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) ("[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. . . . Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings."). As discussed below, Plaintiff is not entitled to any relief whatsoever.

## III.   APPLICABLE LAW

Coverage under a first party property policy is determined by the "efficient proximate cause" of the loss. *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal.3d 395, 402-404, 407 (1989); *State Farm Fire & Casualty Co. v. Von Der Lieth*, 54 Cal. 3d 1123, 1131 (1991).[1] If the efficient proximate cause of the loss is specifically excluded under the policy, there is no coverage. *Garvey*, 48 Cal.3d at 412-413. The efficient proximate cause is the cause that is most important in bringing about the loss. *Id*. at 406. The efficient proximate cause is not necessarily the triggering cause. *Id*. at p. 403 ("We use the term "efficient proximate cause" (meaning predominating cause) when referring to the Sabella analysis because we believe the phrase 'moving cause' can be misconstrued to deny coverage erroneously, particularly when it is understood literally to mean the 'triggering' cause.").[2]

A remote cause *cannot* be the efficient proximate cause of the loss. CAL. INS. CODE § 530; *Julian*, 35 Cal.4th at 754; *Roberts v. Assurance Co. of America*, 163

---

[1] "Efficient proximate cause" is sometimes referred to as the "predominating" or "predominant" cause of the loss. *See e.g.*, *Garvey*, 48 Cal.3d at pp. 403-404.

[2] *Davis v. United Servs. Auto Ass'n,*, 223 Cal.App.3d 1322, 1331-32 (1990), which is cited by Plaintiff, ignores the *Garvey* Court's clarification that the triggering cause is not invariably the efficient proximate cause.

1  Cal.App.4th 1398, 1411 (2008); *Garvey* at p. 402.  Where all of the potential

2  predominant causes of the loss are excluded, there is no need to determine which

3  cause is the most important because under any scenario the loss would not be

4  covered.  *Waldsmith v. State Farm Fire & Cas. Co.*, 232 Cal.App.3d 693, 697

5  (1991); *Brodkin v. State Farm Fire & Cas. Co.*, 217 Cal.App.3d 210, 216 (1989);

6  *Murray v. State Farm Fire & Cas. Co.*, 219 Cal.App.3d 58, 64, fn. 2 (1990).

7  **IV.   ARGUMENT**

8  **A.   Plaintiff's claim is excluded even if Plaintiff proves the allegations of the
9  Complaint and all of the Stipulated Facts.**

10      Plaintiff's claim is for damages caused by the structural movement to her

11  home when the home allegedly settled approximately two inches.  *See* Stipulated

12  Facts ¶¶ 10-11; Complaint ¶¶ 57, 60-61.  Again, it should be noted that Federal

13  disputes that any settlement occurred and has denied this alleged fact in its Answer

14  and Affirmative Defenses.  Docket No. 1-3.  However, as detailed in Federal's

15  Motion for Judgment on the Pleadings ("Federal's Motion") (ECF 33.1), if the home

16  *actually* settled two inches as claimed, the policy exclusions for Structural

17  Movement, Earth Movement, Groundwater and Surface Water preclude coverage.

18  Plaintiff's Motion is predicated  on the false premise that the Stipulated Facts

19  demonstrate that the efficient proximate cause of the damages to the home was the

20  Thomas Fire.  Consistent with the parties' agreement to present the Stipulated Facts

21  for purposes of their cross-motions, the Court can consider that argument, and

22  should reject it because the Stipulated Facts show that the fire was a remote cause of

23  the loss, and not the efficient proximate cause of the loss.  Furthermore, remote or

24  not, the exclusions are enforceable based on the Stipulated Facts, as Plaintiff's own

25  citation to *Julian* underscores.

26

27

28

FEDERAL INS. CO.'S MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS;
Case No.  21-cv-00172-CAS-PDx

**B.    Plaintiff's damages were not caused by the Thomas Fire – this is not a *Howell* situation.  Several exclusions unambiguously apply to preclude coverage based on the Stipulated Facts.**

Plaintiff relies almost entirely on *Howell v. State Farm,* a case involving a house on a hill that was subject to landslides.  *Howell v. State Farm Fire & Cas. Co.*, 218 Cal. App. 3d 1446, 1449 (Cal. Ct. App. 1990), *disapproved of by Reid v. Google, Inc.*, 50 Cal. 4th 512 (2010) ("The Howell property is located on a slope which is subject to landslides.").  In that case, there were two causes of the damage to the property – fire, which removed vegetation from the hill, and movement of the hill after rain.  *Id.* ("Ms. Howell argued that the 1985 fire was the efficient proximate cause of her loss since it had permitted the landslide to occur.").  Under the Howells' view of the facts, there was a triable issue for the jury about whether fire was the efficient proximate cause of the damage.  *Id.*  (finding a "triable issue of fact that the fire was the efficient proximate cause of the landslide.").

Plaintiff likens this case to *Howell* in the hope that the Court will disregard the Stipulated Facts, the allegations of the Complaint, and the documents referenced in the Complaint.  However, this case is distinguishable from *Howell* in many respects.  First, the fire here was *three miles* from the Property – it did not impact the property's land and adjoining land like in *Howell*.  Second, the earth movement has no causal connection to the fire, like it did in *Howell*.  This is not a mudslide situation, where burning of vegetation allowed soil to be moved by resulting rains.  *There was no mudslide here at all*.[3]  Third, the Stipulated Facts demonstrate that the cause of the damages for which Plaintiff seeks coverage was settlement/compression

---

[3] California has a specific statute pertaining to mudslides.  As is noted in the commentary available on Westlaw, "Insurance Code § 530.5's requirement that an insured peril be the efficient proximate cause of the loss does nothing to undermine cases upholding multiple cause exclusions designed to avoid disputes over whether the efficient proximate or predominant cause was a covered or an excluded peril.  Indeed, both the Senate and Assembly Floor Analysis cite as support for SB 917 *Julian v. Hartford Underwriters Ins. Co*., 35 Cal. 4th 747 (2005), *as modified* (May 5, 2005), where the California Supreme Court addressed for the first time the validity of such a multiple cause exclusion."  CAL. INS. CODE § 530.5, at *Commentary* (West).

of the "soil supporting the eastern side of the Home", which was in turn caused by water under the home, which was, more remotely, caused by rain that allegedly overflowed from drainage systems. *See* Stipulated Facts:

> 12. When the January 2018 rains overwhelmed the clogged drainage systems, water overflowed onto the balconies and then overflowed into the basement, foundation and soil beneath the Home. In the areas of water intrusion into and under the Home, the soil supporting the eastern side of the Home compressed, the Southeast portion of the Home settled approximately 2 inches, and the structure was damaged. *Id.* at ¶¶ 34-36.

Fourth, *Howell* relies on a judicial finding that clear exclusionary language was unenforceable based on Section 530 of the California Insurance Code (*Howell*, 218 Cal.App.3s at 1456-57), and that approach was later *expressly rejected* by the California Supreme Court in *Julian*, which held that provisions that exclude coverage for "manifestations" of otherwise covered perils **are enforceable** in California (*Julian*, 35 Cal.4th at 759), as discussed *infra*. Finally, the Plaintiff policyholder in *Howell* was not entitled to any "judgment" whatsoever (under Rule 12(c) or otherwise); the court merely held that there was a question of fact regarding which peril - earth movement or fire - was the efficient proximate cause of the loss.

Plaintiff's repeated argument that the Thomas Fire was the efficient proximate cause of the loss is untenable in light of the actual Stipulated Facts. The record demonstrates that the Plaintiff seeks damages caused by structural movement, which is excluded under the Policy. Stipulated Facts, ¶¶ 11-12; Complaint ¶¶ 33-36. The relevant language of the Policy's Structural Movement exclusion is plain and straightforward: "We do not cover any loss caused by the settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, landings, steps, footings, foundations, walls, floors, roofs, or ceilings." Stipulated

-6-

Facts, p. 5, lines 5-10; Policy, ECF 1-1, Page ID. 57.  The purpose of stipulating to facts solely for purposes of the cross-motions was to allow the Court to determine how the Policy applies as a matter of law if the Stipulated Facts are proven, and here, a jury finding the matters agreed and stipulated to would result in a need for the Court to apply the Structural Movement exclusion as written.

Of course, the Court can and should consider the entirety of the Stipulated Facts.  The more remote causes in the chain of events identified in the Stipulated Facts are likewise excluded.  The Complaint and Stipulated Facts describe that settling of a portion of the home caused structural damage in the form of structural movement.  Stipulated Facts, ¶¶ 11-12; Complaint ¶¶ 33-36.  This was preceded by soil compression, i.e., earth movement.  *Id.*  The Earth Movement exclusion provides, in relevant part, that the Policy does not cover "any loss caused by earth movement" and that the term "Earth movement" includes "landslides, mud flows, and any expansion, contracting, erosion, sinking, shrinking, rising, settling, or shifting of the earth, soil, or land. . . . This exclusion applies whether or not the earth, soil, or land is combined or mixed with water or any other liquid or natural or man-made material."  Stipulated Facts, p. 7, line 23 – p. 8, line 18; Policy, Doc. 1-1, Page ID. 59-60.  Furthermore, the Earth Movement exclusion continues: "We also do not cover any loss caused by:  rain; [or] fire; . . . to the extent that these conditions cause or contribute in any way to, or result in, any form of earth movement."  *Id.*

Therefore, even if the Court examines the Stipulated Facts and focuses on a more remote cause of the excluded structural movement, another exclusion applies, since what Plaintiff says happened is explicitly and clearly excluded – water combined with soil caused contracting and settling and shifting of soils beneath the home, allowing the structural settlement.  What preceded the excluded Structural Movement was excluded Earth Movement.  Even if Plaintiff could prove her

1   allegations, there would be no coverage.  *See Garvey*, 48 Cal. 3d at 412-13 ("If the

2   earth movement was the efficient proximate cause of the loss, then coverage would

3   be denied.").

4           Because the Earth Movement exclusion applies to earth movement caused or

5   contributed to by water (and fire), it is not necessary to continue to travel up the

6   chain of events.  But, even if the court were to consider the impact of water under

7   the ground, and out of gutters and other drainage systems, any loss caused by water

8   is likewise excluded.  The Ground Water exclusion provides, in relevant part, that

9   Federal does not cover "any loss caused by:

10          •   water or water borne material in the ground or lack of water in the

11              ground;

12          •   water pressure or lack of water pressure;

13          •   leakage, overflow or seepage from natural or man-made sources; or

14          •   backup or overflow of drainage channels or drainage fields."

15   Stipulated Facts, p. 6, lines 9 – 18; Policy, Doc. 1-1, Page ID. 58.  This exclusion

16   applies based on the Stipulated Facts.

17          The Policy also provides that it does not cover any loss caused by:

18          •   flood, accumulation of rainwater on the ground, surface water, wave

19              action, including tidal wave and tsunami, tides, tidal water, seiche,

20              overflow of water from a body of water, spray or surge from any of

21              these, even if driven by wind;

22          •   water borne material from any of the above, including when any such

23              waters or water borne material enters and backs up or discharges from

24              or overflows from any sewer or drain, located outside of or on the

25              exterior of a fully enclosed structure, including gutters, rainwater

26              pipes, downspouts, or underground drainage systems; [or]

27          •   run off of water or water borne material from a paved surface,

28

-8-

driveway, walkway, patio, or other similar surface.

Stipulated Facts, p. 5, line 14 – p. 6, line 5; Policy, Doc. 1-1, Page ID.57-58.

Each of the three sections of the Surface Water exclusion are implicated by the Stipulated Facts regarding how the January 2018 rainwater flowed on Plaintiff's home and into the ground.

That leaves the most remote cause—the Thomas Fire. As Plaintiff is well-aware, the argument that the Thomas Fire, which occurred miles from the Property and which did not cause the damage complained of based on the Stipulated Facts, was the efficient proximate cause, must be squarely rejected based on the California Supreme Court's decision in *Julian* (a decision issued 15 years after the Court of Appeals' *Howell* decision) and otherwise applicable law.[4] *See Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747 (2005), *as modified* (May 5, 2005).

**C.    The California Supreme Court's decision in *Julian* demonstrates that the Federal Policy's exclusions are enforceable even if the Plaintiff proved that the Thomas Fire contributed to the alleged earth movement.**

None of Plaintiff's arguments can be squared with *Julian*, which is the controlling law applicable to this dispute. While Plaintiff argues at length that if the Stipulated Facts are proven, and the Court finds the Thomas Fire was the efficient proximate cause of the damages, Federal is prohibited from enforcing the exclusions as written, that argument is irreconcilable with the California Supreme Court's

---

[4] Ultimately, *Julian* is dispositive of Plaintiff's varied arguments. Other authorities, like *Encompass Insurance Co. v. Berger*, 2014 WL 4987978 (C.D. Cal. October 7, 2014), do not advance Plaintiff's position. *Berger* involved a situation where fire burned the property, and the earth movement exclusion did not reference water or fire like Federal's Policy here does, and thus the case turned on a fact dispute between fire causing the damage or earth movement causing the damage. And the toilet overflow case of *De Bruyn v. Superior Ct.*, 158 Cal. App. 4th 1213, 1224 (2008), does not help Plaintiff either. In *upholding* the exclusion, the Court simply explained that *Julian* was not the basis of its decision under the circumstances of that case. *Id.* ("Like the Supreme Court in *Julian* . . . which held that a weather conditions clause that excluded the peril of rain inducing a landslide did not violate section 530 or the efficient proximate cause doctrine . . . we hold that the water damages exclusion in this case—which excludes the peril of mold resulting from a sudden release of water—similarly does not violate section 530 or the efficient proximate cause doctrine.").

enforcement of the provisions of the homeowners insurance policy in *Julian*.

*Julian* involved a situation where heavy rains caused a slope failure, which led to a landslide, which led to a tree crashing into the plaintiff's home. *Julian*, 35 Cal. 4th at 751. The exclusionary language in the *Julian* policy had the following relevant language: "We do not insure against loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss."[5] *Id.* Like the Plaintiff here, the plaintiffs in *Julian* tried to make the case that California law prohibits exclusionary language that would preclude coverage under those facts. The *Julian* plaintiffs contended that the efficient proximate cause doctrine and Section 530 of the California Insurance Code "prohibit the insurer from invoking this exclusion." *Id.* at 750-51. *See Id.* Like the Plaintiff here, the plaintiffs in *Julian* raised numerous arguments about the court of appeals decision in *Howell,* and asserted that coverage could not be denied based on exclusions that preclude coverage for certain "manifestations" of otherwise covered perils. *Id.*

The *Julian* plaintiffs were wrong about the enforceability of clear and unambiguous exclusions in their policy, and Plaintiff is wrong here. The California Supreme Court rejected the numerous arguments made by the *Julian* plaintiffs. The Court stated: "The threshold question, as we see it, is whether section 530 and the efficient proximate cause doctrine inflexibly prohibit an insurer from insuring against some manifestations of weather conditions, but not others." *Id.* at 759 (citing CAL. INS. CODE. § 530). In finding for the insurer, the Court confirmed that an insurance company "can limit the coverage of a policy issued by it as long as such limitation conforms to the law and is not contrary to public policy" and "An insurance policy may exclude coverage for particular injuries or damages in certain

---

[5] The Policy here has similar lead-in language. It provides: "These exclusions apply to your Deluxe House Coverage, including the Extra Coverages, unless stated otherwise. . . . The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril." Stipulated Facts, p. 4.

specified circumstances while providing coverage in other circumstances." *Id.* It also explained that "It follows that an insurer is not absolutely prohibited from drafting and enforcing policy provisions that provide or leave intact coverage for some, but not all, manifestations of a particular peril." *Id.* Thus, in the *Julian* case, the Court found that "The weather conditions clause purports to exclude coverage for a loss caused by weather conditions that "**contribute[d] in any way** with" earth movement, including a landslide. . . . Particularly given the direct and well-known relationship between rain and landslide, a reasonable insured would understand that the words "contribute in any way with" connote an intention to exclude rain that induces a landslide." *Id.* (emphasis added).

Here, the Stipulated Facts demonstrate that excluded structural movement caused the damage complained of. But even if the Court were to consider the more remote cause of earth movement, it is clear based on the *Julian* decision that the Earth Movement exclusion is fully enforceable, <u>even if it is true that fire or water</u> "**contribute[d] in any way**" to the earth movement. *Id.*

The Earth Movement exclusion states:

> Earth movement. We do not cover any loss caused by earth movement.
>
> "Earth movement" includes volcanic eruptions, landslides, mud flows, and any expansion, contracting, erosion, sinking, shrinking, rising, settling, or shifting of the earth, soil, or land. This exclusion applies whether or not the earth, soil, or land is combined or mixed with water or any other liquid or natural or man-made material.
>
> We also do not cover any loss caused by:
>
> • rain, lack of rain, snow, sleet, or hail;
>
> • wind or **fire**; or
>
> • dead or dying trees, bushes or groundcover,
>
> **to the extent that these conditions cause or contribute in**

-11-

**any way to, or result in, any form of earth movement**.

Complaint, Ex. A, Policy, p. B-12 – B-16 (ECF # 1.1, Page ID. 53 – 57) (emphasis added).

*Julian* compels the conclusion that even if the Court were to ignore the actual stipulated facts and assume, for the sake of argument, that fire is the cause of the water run-off that caused the earth movement that caused the structural movement that caused the damage, the earth movement exclusion *still* bars coverage. *See Julian*, 35 Cal.4th at 750-51 (rejecting argument that exclusion does not apply if weather conditions were the efficient proximate cause of the landslide, based on the exclusionary language). The Policy precludes coverage when fire "causes or contributes "in any way" to earth movement, and *Julian* explains that is a valid and enforceable policy provision.[6] So although the Thomas Fire is not, by any stretch of the imagination, the efficient proximate cause of the loss based on the Stipulated Facts, even if it were, there would be no coverage – that "manifestation of a particular peril" is excluded, and that exclusion is enforceable under *Julian*. *Id.* at 761 ("[W]e will enforce the exclusion to the extent that this peril is the efficient proximate cause of the loss."). It is impossible to apply the binding precedent of the

---

[6] The *Howell* court did not have the benefit of the California Supreme Court's guidance in *Julian*. Similarly, Plaintiff's reliance on *Garvey* to argue the "purpose of [an] exclusion is to exclude losses caused solely by one or more of the excluded causes rather than . . . to exclude cases of multiple causation when an insured cause occurs" misses the mark. *Julian* expressly holds that an exclusion is enforceable even when it addresses a "manifestation" of an otherwise covered cause, such as where otherwise covered "weather conditions" operate as the efficient proximate cause of inducing a landslide. *Julian*, 35 Cal. 4th at 760 ("[A] reasonable insured would readily grasp the difference between a loss caused by weather conditions alone and a loss caused by weather conditions that induce a landslide."). Relatedly, *Julian* rejects an argument Plaintiff asserts based on *State Farm Fire & Cas. Co. v. Von Der Lieth*, 54 Cal. 3d 1123, 1135 (1991). *Von Der Lieth* involved a situation where the efficient proximate cause – third party negligence – was not excluded at all, causing the court to find the insurer's interpretation of the exclusion would render coverage for third party negligence illusory. *Id.* Here, fire that manifests in earth movement is excluded, and that is enforceable under *Julian*, without creating a risk that coverage for fire is illusory. This is explicitly addressed in *Julian*. *Julian*, 35 Cal. 4th at 750 (citing *Von Der Leith*), 760 (rejecting illusory coverage argument).

California Supreme Court in *Julian* and reach a contrary decision.

**D.    The Department of Insurance materials do not save Plaintiff's deficient arguments.**

Plaintiff's reliance on Department of Insurance bulletins to support her arguments is also misplaced.  Those documents: (1) do not require any particular factual findings; (2) do not modify any insurance policy; and (3) do not address or otherwise apply to the Stipulated Facts.  This is not a mudslide, landslide, or debris flow situation, and the general information in the bulletins has no impact here whatsoever.

It is difficult to see what benefit Plaintiff thinks the insurance bulletins actually provide.  The bulletins cannot modify the Policy – insurance policies are integrated agreements that are not subject to interpretation by extrinsic evidence absent extraordinary circumstances.  *Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 961 (2010).  As explained in *Hervey*, Plaintiff would have to first demonstrate an ambiguity – a provision of the Policy subject to two reasonable meanings – before it would be entitled to use parol evidence to advocate for one of the two reasonable meanings.  *Id.*  And even in such situations, courts have been clear that "Although parol evidence may be admissible to determine whether the terms of a contract are ambiguous, it is not admissible if it contradicts a clear and explicit policy provision."  *Id.* (internal citation omitted).

To the extent Plaintiff contends that the bulletins provide this Court with a basis to enter findings contrary to the California's Supreme Court's decision in *Julian*, that would be impermissible – regulatory guidance like the bulletins do not have the force of law and cannot support a policyholder's request to ignore the plainly enforceable exclusionary language of an insurance policy.

At the end of the day, the bulletins do not help Plaintiff, *Howell* does not help Plaintiff, and Plaintiff's characterizations of the Stipulated Facts and arguments that the Thomas Fire was the efficient proximate cause of the alleged structural damage

-13-

do not help Plaintiff.  The California Supreme Court considered *Howell* at the time it decided *Julian* (the *Howell* case is discussed extensively in *Julian*), and the Supreme Court found that the exclusion for a manifestation of an otherwise covered peril is perfectly acceptable.  Plaintiff cannot sidestep that binding precedent, and its motion must therefore be denied.

## V.    NO WAIVER OF OTHER ARGUMENTS AND POSITIONS

As the Joint Motion (Docket No. 28) and the Stipulated Facts (Docket No. 32) demonstrate, Federal agreed to the Stipulated Facts for the sole purpose of enabling the parties to present cross-motions that the Policy exclusions precludes coverage even if Plaintiff can prove the Stipulated Facts.  Federal does not waive and expressly reserves all matters raised in its Answer and all rights and defenses under the Policy and applicable law.  This includes, without limitation, the right to contest whether Plaintiff can actually prove any of the Stipulated Facts given that Federal denies that any settlement occurred in the first instance.

## VI.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

DATED:  February 25, 2022          **FORAN GLENNON PALANDECH**
                                   **PONZI & RUDLOFF PC**


                                   By:  */s/ Matthew S. Ponzi*
                                        Matthew S. Ponzi
                                        Edward P. Murphy

                                   Attorneys for Defendant
                                   FEDERAL INSURANCE COMPANY