1   David M. Halbreich (SBN 138926)
    dhalbreich@reedsmith.com
2   Douglas C. Rawles (SBN 154791)
    drawles@reedsmith.com
3   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
4   Los Angeles, CA  90071-1514
    Telephone:   (213) 457-8000
5   Facsimile:    (213) 457-8080

6   R. Hugh Lumpkin (Fla. Bar No. 308196)
    (*Admitted Pro Hac Vice*)
7   hlumpkin@reedsmith.com
    Christopher T. Kuleba (Fla. Bar. No. 105302)
8   (*Admitted Pro Hac Vice*)
    ckuleba@reedsmith.com
9   1001 Brickell Bay Drive, Suite 900
    Miami, FL 33131
10  Telephone: (786) 747-0200
    Facsimile: (786) 747-0299

11
    *Attorneys for Plaintiff*
12  KATHERINE L. MALKIN

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16   KATHERINE L. MALKIN, | Case No.:  21-cv-00172-CAS-PD |
| 17                    *Plaintiff*, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS** |
| 18   vs. | **OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON** |
| 19   FEDERAL INSURANCE COMPANY, an Indiana Corporation, | **THE PLEADINGS** |
| 20                    *Defendant*. | Judge Christina Snyder |
| 21 | Complaint filed:   12/14/20 |
| 22 | Trial Date:            03/14/23 |
| 23 | Hearing Date:    March 7, 2022 |
| 24 | Time:                    11:00 a.m. Courtroom:         8D |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................ 6

II.   ARGUMENT ...................................................................... 8

    A.    Chubb Ignores Ms. Malkin's Allegation That The Thomas Fire Was The Efficient Proximate Cause Of Her Loss. ............................................ 8

    B.    No Policy Exclusions Apply To Defeat Coverage When Fire Is The Efficient Proximate Cause. ............................................................. 10

    C.    Chubb's Exclusions for Structural Movement, Earth Movement, Surface Water and Ground Water are Unenforceable. ........................... 11

        (1)    The Structural Movement Exclusion violates the Efficient Proximate Cause Doctrine and is Facially Inapplicable. ............... 12

        (2)    The Earth Movement Exclusion is Unenforceable and Against Public Policy. ................................................................. 15

        (3)    The Surface Water Exclusion is Unenforceable under the Efficient Proximate Cause Doctrine and Otherwise Waived. ....... 17

        (4)    The Ground Water Exclusion Does Not Apply. ........................... 19

    D.    Chubb is Not Entitled to Judgment as a Matter of Law on the Breach of Contract Claim. ............................................................. 20

    E.    Chubb is Not Entitled to Judgment as a Matter of Law on the Bad Faith Claim. ............................................................................. 21

III.  CONCLUSION ................................................................ 23

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. National Interstate Ins. Co.*,
  180 Cal. App. 4th 1319 (2009) ..................................................................... 20

*Brodkin v. State Farm Fire & Casualty*,
  217 Cal. App. 3d 210 (1989) ................................................................. 12, 13

*Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.*,
  90 Cal. App. 4th 335 (2001) ................................................................. 21, 22

*Davis v. United Servs. Auto Ass'n*,
  223 Cal. App. 3d 1322 (Cal. Ct. App. 1990) ............................................. 13

*De Bruyn v. Super. Ct.*,
  158 Cal. App. 4th 1213 (2008) ....................................................... 14, 16, 17

*Delgado v. Heritage Life Ins. Co.*,
  157 Cal. App. 3d 262 (1984) ..................................................................... 20

*Encompass Ins. Co. v. Berger*,
  Case No. CV-12-08294-MWF, 2014 U.S. Dist. LEXIS 142870 (C.D.
  Cal. Oct. 7, 2014) ............................................................................... 10, 13

*Freedman v. State Farm Ins. Co.*,
  173 Cal.App.4th 957 (2009) ..................................................................... 16

*Garvey v. State Farm Fire & Cas. Co.*,
  48 Cal. 3d 395 (1989) ......................................................... 10, 12, 13, 18

*Guebara v. Allstate Ins. Co.*,
  237 F.3d 997 (9th Cir. 2001) ............................................................. 21, 22

*Herrera v. Zumiez, Inc.*,
  953 F.3d 1063 (9th Cir. 2020) ............................................................... 8, 20

*Howell v. State Farm Fire & Casualty Co.*,
  218 Cal. App. 3d 1452 (Cal. Ct. App. 1990) ............................................. 15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 3 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Jordan v. Allstate Ins. Co.*,
116 Cal. App. 4th 1206 (2004) ................................................................. 20

*Judah v. State Farm Fire & Cas. Co.*,
227 Cal. App. 3d 1133 (1990), *review dismissed*, 281 Cal. Rptr. 766
(1991) ........................................................................................................ 22

*Julian v. Hartford Underwriters Insurance Co.*,
35 Cal. 4th 747 (Cal. 2005) .............................................................. 15, 16

*Lunsford v. Am. Guarantee & Liab. Ins. Co.*,
18 F.3d 653 (9th Cir. 1994) ..................................................................... 22

*Palub v. Hartford Underwriters Ins. Co.*,
92 Cal. App. 645 (2001) ............................................................ 10, 14, 15

*Pulte Home Corp. v. Am. Safety Indemn. Co.*,
14 Cal. App. 5th 1086, 1117 (2017) ................................................. 19, 20

*Reserve Ins. Co. v. Pisciotta*,
30 Cal. 3d 800 (1982) ............................................................................. 20

*Rosenberg-Wohl v. State Farm Fire & Cas. Co.*,
Case No. 20-cv-09316-DMR, 2021 U.S. Dist. LEXIS 177685 (N.D.
Cal. 2021) ................................................................................................ 18

*Sabadin v. Hartford Cas. Ins. Co.*,
Case No. SAVC 13-1928-JLS, 2015 U.S. Dist. LEXIS 182162 (C.D.
Cal. Jan. 13, 2015) .................................................................................. 17

*Sabella v. Wisler*,
59 Cal. 2d 21 (Cal. 1963) ........................................................................ 12

*Salby v. Safeco Ins. Co.*,
1992 U.S. App. LEXIS 20618 (9th Cir. 1992) ....................................... 22

*Sauer v. General Ins. Co.*,
225 Cal. App. 2d 275 (Cal. Ct. App. 1964) ..................................... 10, 13

*State Farm Fire & Casualty Co. v. Von Der Lieth*,
54 Cal. 3d 1123 (Cal. 1991) ............................................................ 10, 12

- 4 -

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

*Tomaselli v. Transamerica Ins. Co.*,
    25 Cal. App. 4th 1269 (1994) ................................................................. 21

*Vardanyan v. AMCO Ins. Co.*,
    243 Cal. App. 779 (2015) ...................................................................... 17

*Waller v. Truck Ins. Exch., Inc.*,
    11 Cal. 4th 1 (1995) ............................................................................. 18

*Westoil Terminals Co., Inc. v. Industrial Indemnity Co.*,
    110 Cal. App. 4th 139 (2003) ......................................................... 11, 18

**Statutes**

Cal. Civ. Code § 1667(2) ......................................................................... 10, 14

Cal. Ins. Code § 350 ....................................................................................... 14

Cal. Ins. Code § 530 .................................................................................. 7, 10, 15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

1       Plaintiff Katherine L. Malkin ("Ms. Malkin") respectfully submits this
2   Memorandum of Points and Authorities in opposition to Defendant Federal Insurance
3   Company's ("Chubb") (together with Ms. Malkin, the "Parties") Motion for Judgment
4   on the Pleadings ("Motion")

5   **I.    INTRODUCTION**

6       Despite the parties' agreement to brief one issue in their respective motions,
7   Chubb decided to brief something else entirely.  Rather than addressing whether certain
8   specified exclusions can be construed to apply when a specifically covered loss—fire—
9   is the efficient proximate cause of Ms. Malkin's loss, Chubb briefed why four
10  exclusions should apply when some other event is the efficient proximate cause of loss.
11  As a result, the Parties' respective motions are two ships passing in the night.  Had it
12  addressed the agreed-upon issue, Chubb would sink under the weight of California
13  precedent on the efficient proximate cause doctrine, which explains why Chubb tried to
14  steer a different course in its approach to briefing.

15      As described in their December 14, 2021, Joint Motion for Leave to File Cross-
16  Motions for Judgment on the Pleadings, the Parties characterized theirs as a two-fold
17  dispute: (1) whether the Thomas Fire and January 2018 rains caused structural damage
18  to Ms. Malkin's Home (the "Causation Issue"), and (2) whether any such damage would
19  nonetheless be excluded under the insurance policy Chubb issued to Ms. Malkin (the
20  "Coverage Issue").   Dkt. No. 32.   To narrow the Parties' dispute, and conserve
21  significant party and judicial resources, the Parties sought leave to seek an early ruling
22  from this Court on the Coverage Issue.  Solely for purposes of the Parties' cross-
23  motions, the Parties agreed to a set of undisputed facts and at-issue policy exclusions
24  (the "Stipulation").  This Stipulation made clear that the Parties do "not seek a ruling
25  from the Court as to what the Court believes to be the efficient proximate cause of Ms.
26  Malkin's loss[,]" but rather "request that the Court issue a ruling deciding whether,
27  ***assuming Plaintiff's theory of causation is correct and proven at trial***, the Policy

28

REED SMITH LLP<br>A limited liability partnership formed in the State of Delaware

- 6 -

exclusions would preclude coverage." *Id*. (emphasis added).  To be clear, Plaintiff's theory of causation is that the Thomas Fire is the efficient proximate cause of the loss. That is what Ms. Malkin briefed.  Chubb, however, did not.  Instead, it argued that if some cause other than the Thomas Fire was the efficient proximate cause of Ms. Malkin's loss, then several policy exclusions apply to bar coverage.  Chubb's Motion is procedurally defective and in violation of the Parties' agreement.  Regardless, it also fails on the merits as contrary to California law's application of the efficient proximate cause doctrine and prohibition on any insurer's attempt to circumvent that doctrine through exclusions purporting to preclude coverage even where the efficient proximate cause of the loss (here, the Thomas Fire) is a covered cause.  Chubb's Motion should be denied for the following reasons.

*First*, Ms. Malkin alleges that the Thomas Fire was the efficient proximate cause of her loss, and as such, that allegation is taken as true.  Chubb's brief does not address that issue.  Chubb's attempt to shift the analysis away from Ms. Malkin's theory of causation is improper and renders its Motion procedurally deficient.  Judgment on the pleadings is proper only when there are no issues of disputed material fact.  The Parties contest causation in this case.  Chubb's attempt to argue causation is fatal to its Motion as judgment on the pleadings cannot be granted when there are unresolved issues of material fact.

*Second*, when properly construed, Chubb's policy provides coverage for Ms. Malkin's loss, and none of the asserted exclusions can apply.  California precedent is clear that when a loss is caused by a combination of covered and excluded perils, the entire loss is covered if the efficient proximate cause is covered.  Where, as here, the efficient proximate cause (fire) is a covered cause of loss, the existence of excluded causes later in the chain of causation cannot defeat coverage.  *See* Cal. Ins. Code Section 530.

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1     *Third*, though the efficient proximate cause doctrine bars application of the four

2 exclusions cited by Chubb in its Motion (structural movement, earth movement, ground

3 water, and surface water), each is inapplicable for other reasons. The structural

4 movement exclusion bars coverage for loss (*i.e.*., damage) *caused by* the hazards of,

5 for example, settlement, cracking, etc., but not loss caused by fire where indicia of the

6 loss includes settlement, cracking, etc. The earth movement exclusion is unenforceable

7 because it purports to exclude loss "contributed to" by fire, which is a covered peril.

8 The ground water exclusion is inapplicable on its face, and Chubb waived is ability to

9 rely on its surface water exclusion when Chubb intentionally and knowingly paid for

10 ash and water damage arising out of the same occurrence.

11     *Finally*, Chubb's arguments for dismissal of Ms. Malkin's breach of contract and

12 of her bad faith claims lack merit. Several issues of material fact are disputed, including

13 proximate cause of Ms. Malkin's loss and the propriety and fairness of Chubb's

14 investigation of Ms. Malkin's claim. As these issues remain disputed, dismissal of Ms.

15 Malkin's claims is improper.

16 **II.     ARGUMENT**

17     **A.     Chubb Ignores Ms. Malkin's Allegation That The *Thomas Fire* Was**

18             **The Efficient Proximate Cause Of Her Loss.**

19     Perhaps realizing that if the Thomas Fire is shown to have caused Ms. Malkin's

20 loss, the efficient proximate cause doctrine commands coverage, Chubb decided to

21 argue instead that some event other than the Thomas Fire caused Ms. Malkin's loss (*i.e*.,

22 structural movement, earth movement, surface water, and/or ground water). Chubb's

23 arguments are misplaced in this Motion. Chubb will have an opportunity to present

24 evidence supporting its theory of causation at trial. For purposes of this Motion,

25 however, as a matter of agreement and as a matter of law, Chubb must accept Ms.

26 Malkin's theory of causation. *See e,g,*, *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068

27 (9th Cir. 2020) (A Rule 12(c) motion for judgment on the pleadings is properly granted

28

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No.: 21-cv-00172-CAS-PD

only when, taking all the allegations in the pleadings as true [and construed in the light most favorable to the non-moving party], the moving party is entitled to judgment as a matter of law) (internal citations omitted).

In their Joint Stipulation, the Parties agreed to brief the issue of whether any of the exclusions specified therein would apply if Ms. Malkin's "theory of causation is correct and proven at trial." (Dkt. No. 32 at 2:10-14)  In her Complaint, Ms. Malkin clearly alleges that the Thomas Fire was the efficient proximate cause of the damage to her Home.  Specifically, the Complaint alleges that when the ash from the *fire* clogged her Home's drainage systems, the water from the ensuing rains overflowed from the ash-clogged drainage systems and saturated the fill soil beneath the Home, causing the soil to compress and the Home to settle:

- Despite knowing that Ms. Malkin's experts had opined that ***the principal cause of loss was that the Thomas Fire*** ash-filled gutters and drains overflowed during the January 2018 rainstorms, the purported basis of Chubb's request was its belief that the mudslides resulting from the Thomas Fire did not cause the loss.  (Dkt. No. 1-1 ¶ 71.)

- When Ms. Malkin reminded Chubb that the engineer concluded that the ***inundation of water from the Thomas Fire ash-clogged drains was the principle cause of loss***, not the mudslides, Chubb responded by saying that the engineers "have no identified any support for that theory of causation either," but that Chubb's investigation was continuing.  (*Id.* ¶ 72.)

(Emphasis added); s*ee also Id*. ¶¶ 1, 27, 31, 32, 35, and 50.  These assertions are also set forth, nearly verbatim, in the Parties' Joint Stipulation.  (*See* Joint Stipulation ¶¶ 3-5; 8-9.)  Because Ms. Malkin contends the Thomas Fire is the efficient proximate cause of the damage to her Home, the Court is required to accept this allegation as true in

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

deciding Chubb's Motion, and not that some other event is the efficient proximate cause for purposes of this motion. Chubb's failure to even attempt to apply its exclusions to Ms. Malkin's theory of causation is fatal to its Motion. Chubb cannot, as it has, argue that some other event caused the loss and then argue the loss is excluded. Chubb's Motion should be denied.

**B.     No Policy Exclusions Apply To Defeat Coverage When Fire Is The Efficient Proximate Cause.**

As briefed in Ms. Malkin's motion papers, and incorporated by reference herein, Chubb's four exclusions do not apply when the efficient proximate cause of Ms. Malkin's loss is the Thomas Fire. Under California law, when a loss is caused by a combination of covered and excluded perils, the entire loss is covered if the efficient proximate cause is covered. *See, e.g.*, Cal. Ins. Code § 530; *Encompass Ins. Co. v. Berger*, Case No. CV-12-08294-MWF, 2014 U.S. Dist. LEXIS 142870, *42-43 (C.D. Cal. Oct. 7, 2014); *State Farm Fire & Casualty Co. v. Von Der Lieth*, 54 Cal. 3d 1123, 1131 (Cal. 1991); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 434-35 (1989); *Sauer v. General Ins. Co.*, 225 Cal. App. 2d 275, 278-70 (Cal. Ct. App. 1964). Where the efficient proximate cause is a covered cause of loss, the existence of excluded causes later in the chain of causation cannot defeat coverage.

Importantly, Chubb cannot contract around the efficient proximate cause doctrine to give broader effect to its policy exclusions. Policy exclusions are unenforceable to the extent that they conflict with Cal. Ins. Code section 530 and the efficient proximate cause doctrine. *Palub v. Hartford Underwriters Ins. Co.*, 92 Cal. App. 645, 653 (2001); Civ. Code § 1667, subd. (2). This result is also consistent with public policy[1] and the

---

[1] As set forth in Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings (Dkt. No. 35), California public policy supports her position. For example, the California Department of Insurance issued a bulletin weeks after the Thomas Fire that put insurers on notice of its view that where the Thomas Fire is established as the efficient cause of loss for damage resulting from mud slides "or other similar events,"

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.: 21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

interplay of Insurance Code sections 2070 and 2071, which provide that coverage for loss caused by a fire must be substantially equivalent to or more favorable to the insured as provided by the standard form fire insurance policy.   Because fire is a covered peril under the Policy and the efficient proximate cause of Ms. Malkin's loss, coverage exists under the Policy irrespective of any exclusions in the Policy.  Chubb knows this well, and chose not to argue otherwise in its Motion.  Chubb's arguments are foreclosed by California law, and as such, the Court should deny Chubb's Motion.

**C.    Chubb's Exclusions for Structural Movement, Earth Movement, Surface Water and Ground Water are Unenforceable.**

Chubb's brief also fails on the merits because the cited Policy exclusions are inapplicable.  Chubb alleges that four exclusions – which purport to exclude loss caused by "structural movement," "earth movement," "surface water" and "ground water – apply to preclude coverage.[2]  These exclusions, however, are either facially inapplicable or otherwise unenforceable as an impermissible attempt to contract around California's

---

the damage is covered "regardless of any exclusion in the applicable policy."  *See* Plaintiff's Memorandum, Dkt. No. 35 at 26-29.

[2] As part of the Joint Stipulation of Facts in Support of the Parties' Motions for Judgment on the Pleadings, Chubb alleged that eight separate exclusions applied to preclude coverage. (Joint Stipulation, ¶ 14.)  Yet, in its Motion, Chubb only addresses four of these exclusions. Chubb's failure to brief the remaining four exclusions for (1) Gradual or sudden loss, (2) Damage to outside structures, (3) Faulty planning, construction, or maintenance, and (4) Collapse from earth movement, amounts to waiver.  *Westoil Terminals Co., Inc. v. Industrial Indemnity Co.*, 110 Cal. App. 4th 139, 151 (2003) ("Waiver is the intentional relinquishment of a known right after knowledge of the facts.").  The stated purpose of the Parties' cross motions for judgment on the pleadings with respect to the Coverage Issue was to save Party and judicial resources in litigating coverage after the parties engaged experts to prove causation.  Chubb had an opportunity to identify all potentially applicable exclusions should Ms. Malkin prevail on her theory of causation.  Chubb's failure to brief four of the eight exclusions it identified was intentional and amounts to waiver.  Allowing Chubb to reargue these exclusions at a later time defeats the purpose of the Parties' instant Motions and would be prejudicial to Ms. Malkin.

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Efficient Proximate Cause doctrine.  Put simply, while Chubb's cited exclusions can

2    apply if the excluded peril is the efficient proximate cause of the loss, they cannot and

3    do not apply where, as here, a covered peril (the Thomas Fire) is the efficient proximate

4    cause of the loss.  Chubb's failure to address whether its exclusions apply in the event

5    the jury agrees with Ms. Malkin that the Thomas Fire is the efficient proximate cause

6    of her loss—the central issue the parties agreed to brief—is telling, and tantamount to

7    an admission that these exclusions are indeed inapplicable to Ms. Malkin's loss as

8    pleaded.

9           **(1)    The Structural Movement Exclusion violates the Efficient**

10          **Proximate Cause Doctrine and is Facially Inapplicable.**

11          The Structural movement exclusion precludes "loss ***caused by*** the settling,

12   cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, landings,

13   steps, footings, foundations, walls, floors, roofs, or ceilings . . . .  Dkt. 33-1, Chubb

14   MJOP at 8:12-17.  Chubb contends that the structural damage to Ms. Malkin's home is

15   precluded under the Structural movement exclusion.  Chubb's interpretation, however,

16   runs afoul the efficient proximate cause doctrine.  To the extent fire is the efficient

17   proximate cause of Ms. Malkin's loss, any ensuing loss purporting to preclude

18   coverage, including structural damage, is inapplicable.  *See supra.*  California precedent

19   is especially clear in this regard as several courts, including the California Supreme

20   Court, have found coverage for structural damage notwithstanding a structural

21   movement exclusion in the policy.[3]  *See Von Der Lieth*, 54 Cal. 3d at 1131 (holding that

22   ────────────────────

23   [3] Chubb cites *Garvey* (48 Cal. 3d 395), *Brodkin* (217 Cal. App. 3d 210), and *Sabella*
     (59 Cal. 2d 21) for the proposition that California courts have found that exclusions

24   pertaining to movement of the earth and the settling of buildings are enforceable.
     Chubb's reliance on these cases is misplaced.  First, neither *Garvey* nor *Sabella*

25   enforced the structural and earth movement exclusions in their policies because neither
     perils were the efficient proximate cause of the loss in those matters. *See Garvey*, 48

26   Cal. 3d at 434-35 (finding coverage where third party negligence was efficient

27   proximate cause); *Sabella*, 59 Cal. 2d at 31 (same).  Second, *Brodkin* is inapposite

     - 12 -

28   **PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO**
     **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

settlement-related losses resulting from soil saturation caused by broken underground pipe [a covered cause] were not subject to policy's earth movement and settlement exclusions) (*citing Garvey*, 48 Cal. 3d at 434-35 (holding that settlement damage to home resulting from contractor negligence [a covered cause] was covered despite existence of ensuing and excluded earth movement and settlement perils)); *Berger*, 2014 U.S. Dist. LEXIS 142870 at *42-43 (rejecting insurer's argument that structural-related loss stemming from the Jesusita fire was excluded by the policy's "earth movement," "faulty, inadequate or defective design, workmanship, construction, grading, compaction, remodeling, materials or maintenance," "surface water and water below the surface," "wear and tear, aging and deterioration," "weather conditions," and "acts or decisions or failure to act or decide" exclusions, emphasizing that "[t]he most important or efficient proximate cause of the damage to the Property was the Jesusita fire"); *Sauer*, 225 Cal. App. 2d at 278-70 (holding that settlement damage to home resulting from a negligently installed broken underground pipe [a covered cause] was covered despite existence of ensuing and excluded structural damage, ground water, and earth movement) ); *Davis v. United Servs. Auto Ass'n*, 223 Cal. App. 3d 1322 (Cal. Ct. App. 1990) (holding that third party negligence (a covered cause), not earth movement (an excluded cause) was the efficient proximate cause of the insured's loss because without the negligence, the earth movement would not have occurred to the same extent, emphasizing that the "efficient proximate cause" is the "one that sets others in motion" and that, under California's efficient proximate cause doctrine, "[w]hen a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the … 'efficient proximate cause' of the loss").

---

because unlike Ms. Malkin, the Brodkin insureds did not proffer a theory of causation that was covered. *See Brodkin v. State Farm Fire & Casualty*, 217 Cal. App. 3d 210, 217-218 (1989) (none of the three asserted causes of the cracking and corrosion were covered under the policy). Ms. Malkin, on the other hand, has clearly alleged that fire (a covered peril) was the efficient proximate cause of her loss.

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Chubb's interpretation further violates basic tenants of contract interpretation.

2    The focus of the exclusion is on loss caused by settlement and cracking.  The exclusion

3    does not, as Chubb contends, preclude coverage for the loss of the house where the

4    efficient proximate cause of the loss is the Thomas Fire; the "settling" or "cracking" is

5    merely associated with the loss, not the cause of it.  Chubb's argument confuses certain

6    of the damage to Ms. Malkin's Home with the peril or hazard which causes of the

7    damage to her Home.   In contrast, the Structural Movement exclusion precludes

8    coverage where the peril is settlement, cracking, etc., but not where a different (covered)

9    peril, here the Thomas Fire, caused damage to the house, which damage is indicated by

10   cracking, etc.    *See De Bruyn v. Super. Ct.*, 158 Cal. App. 4th 1213, 1223 (2008)

11   (distinguishing between mold damage and loss caused by the peril of mold); *Palub*, 92

12   Cal. App. 4th at 653 (distinguishing between collapse being the damage as opposed to

13   the excluded cause of loss).

14       To interpret the exclusion otherwise would violate Cal. Ins. Code Section 350 as

15   an impermissible attempt to draft around the Efficient Proximate Cause doctrine.  *See*

16   *Palub*, 92 Cal. App. 4th at 653; Civ. Code § 1667, subd. (2).  The Policy defines "caused

17   by" as any loss that is contributed to, made worse by, or in any way results from that

18   peril.  Dkt. No. 1-1, Complaint at Ex. A., Policy, Deluxe House Coverage Grant at p.

19   B-12.  Therefore, when read together, the Structural movement exclusion precludes

20   coverage for any loss "contributing to, made worse by, or in any way resulting from"

21   "settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios,

22   landings, steps, footings, foundations, walls, floors, roofs, or ceilings." Under California

23   law, Chubb's exclusion seeks to circumvent the efficient proximate cause doctrine by

24   excluding coverage whenever settling or cracking appears in the chain of causation,

25   regardless of whether the efficient proximate cause of the loss is covered.  Permissibly

26   construed, the exclusion by its terms may apply, for example, to leakage or mold that is

27   caused by the settling and cracking of a house *if* the settling, cracking, etc. is the efficient

28

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

proximate cause of the loss.  That is not the case here, and as such, Chubb's Motion should be denied.

### (2) The Earth Movement Exclusion is Unenforceable and Against Public Policy

Next, Chubb contends that "no permutation of the facts" can lead to coverage because the Earth Movement exclusion expressly precludes coverage for "loss caused by: rain; [or] fire; . . . to the extent that these conditions cause or contribute in any way to, or result in, any form of earth movement."  Dkt. 33-1, Chubb MJOP, at 9:10-15. Stated differently, Chubb argues that the Policy excludes coverage for any loss arising out of the combination of fire, water and earth movement and therefore, coverage is precluded "irrespective of what Plaintiff might argue the 'true cause' of that damage is." *Id.* at 10:13-15.  Chubb's interpretation of the Policy is impermissibly broad and its reliance on *Julian v. Hartford Underwriters Insurance Co.*, 35 Cal. 4th 747, 756 (Cal. 2005) is misplaced.

First, Chubb's interpretation improperly attempts to circumvent the efficient proximate cause doctrine and Section 530 of the California Insurance Code. As a matter of public policy and under California law, Chubb is prohibited from enforcing policy provisions that purport to exclude coverage where the efficient proximate cause of the loss is covered simply because an excluded cause also appears in the chain of causation. CAL. INS. CODE § 530 ("An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss"); *Howell*, 218 Cal. App. 3d at 1452 ("[A] property insurer may [not] contractually exclude coverage when a covered peril is the efficient proximate cause of the loss, but an excluded peril has contributed or was necessary to the loss … since the statutory and judicial law of this state make the insurer liable whenever a covered peril is the 'efficient proximate cause' of the loss, regardless of other contributing causes"); *Palub*, 92 Cal. App. 4th at 650 ("To the extent that the

- 15 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

'exclusion' would exclude loss *proximately* caused by weather conditions [a covered peril], it violates Insurance Code section 530 and the long-standing principle that a property insurer is liable whenever a covered risk is the proximate cause of a loss, and is unenforceable"). Thus, Chubb's argument is precluded by California law.

Second, Chubb's reliance on *Julian* is misplaced. As fully briefed in Ms. Malkin's moving papers, *Julian*'s holding is narrow and its facts critically distinguishable. *Julian* limited its holding to the precise facts and causation scenario before it – one in which a wildfire burned vegetation on a hillside, destabilizing the land and causing landslides and debris flows with the next heavy rain. *Julian*, 35 Cal. 4th at 760. The Court emphasized that the compound exclusion at issue (where weather conditions combined with earth movement) was enforceable in that instance because rain inducing landslide is a "commonly understood risk of loss and the frequent and direct causal relationship between rain and landslides is widely and easily understood." *Id.* For that reason, the Court limited its ruling to "***only*** the application of weather conditions clause to a loss occasioned by ***a rain-induced landslide***" and cautioned that broad exclusions purporting to exclude certain causes that "contribute in any way with" other causes "seem[] particularly designed to circumvent the efficient proximate cause doctrine" and "may not be enforceable in all circumstances." *Id.*

Unlike in *Julian*, Ms. Malkin's loss was not caused by a rain-induced landslide. Nor is the sequence of events that culminated in Ms. Malkin's loss – Thomas Fire-induced ash that clogged the Home's drainage systems allowing the January 2018 rains to overflow from the clogged gutters into the soil beneath the home's foundation through exposed planters – a "commonly understood" risk or one that an ordinary insured would reasonably expect is excluded under Chubb's earth movement exclusion. Chubb's reliance on *De Bruyn, supra,* and *Freedman v. State Farm Ins. Co.*, 173 Cal.App.4th 957 (2009) is thus unavailing. The court in *De Bruyn* declined to expand *Julian*'s holding, commenting that the *Julian* court itself "expressed concern

- 16 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

that application of such broad language in an exclusion might render illusory provisions that purport to cover other perils."  158 Cal. App. 4th at 1222; *see also Sabadin v. Hartford Cas. Ins. Co.*, Case No. SAVC 13-1928-JLS, 2015 U.S. Dist. LEXIS 182162, *16 (C.D. Cal. Jan. 13, 2015) (*Julian* "explicitly rejected what it called a 'mechanistic approach toward avoiding efficient proximate cause analysis'").  The court in *Freedman* equated "contractor-negligence-induced" corrosion and leakage with *Julian*'s rain-induced landslide and was criticized for it.  *See Vardanyan v. AMCO Ins. Co.*, 243 Cal. App. 779, 795-76 (2015) (criticizing the *Freedman* opinion as "without analysis" and contrary to the admonitions prescribed by the Supreme Court in *Julian*).

Therefore, Chubb's interpretation of the Earth movement exclusion as precluding coverage for loss proximately caused by fire is impermissible and unenforceable.

### (3)    The Surface Water Exclusion is Unenforceable under the Efficient Proximate Cause Doctrine and Otherwise Waived.

Like the Structural movement and Earth movement exclusions, the Surface water exclusion does not apply to the loss in this case.  This exclusion provides:

Surface Water.  We do not cover any loss caused by:

- flood, accumulation of rainwater on the ground, surface water, wave action, including tidal wave and tsunami, tides, tidal water seiche, overflow of water from a body of water, spray or surge from any of these, even if driven by wind;

- water borne material from any of the above, including when any such waters or water borne material enters and backs up or discharges from or overflows from any sewer or drain, located outside of or on the exterior of a fully enclosed structure, including gutters, rainwater pipes, downspouts, or underground drainage systems;

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1             • run off of water or water borne material from a paved surface, driveway,

2               walkway, patio, or other similar surface; …

3        However, we do insure ensuing covered loss due to fire, explosion, or

4        theft unless another exclusion applies.

5  Ms. Malkin does not allege the January 2018 rains were the proximate cause of her loss.

6  While the subject rains were heavy, they were not unusual for the area.  But for the

7  Thomas Fire inundating the home's drainage systems with ash, the January 2018 rains

8  would not have overflowed the drainage channels of the home.  The mere fact that rain

9  water combined with the Thomas fire ash to produce the loss does not render the Surface

10  water exclusion applicable.  *See Garvey*, 48 Cal.3d at 404 (the efficient proximate cause

11  doctrine applies "whenever there exists a ***causal or dependent relationship*** between

12  covered and excluded perils") (emphasis added).  Because surface water was not the

13  efficient proximate cause of the damage to Ms. Malkin's home, the Surface water

14  exclusion does not apply to bar coverage.

15        Furthermore, any argument that rain or water damage are excluded under the

16  Policy is waived.  It is well-settled that a waiver exists whenever an insurer intentionally

17  relinquishes its right to rely on an exclusion in an insurance contract.  *Rosenberg-Wohl*

18  *v. State Farm Fire & Cas. Co.*, Case No. 20-cv-09316-DMR, 2021 U.S. Dist. LEXIS

19  177685, *16 (N.D. Cal. 2021); *Westoil,* 110 Cal. App. 4th at 151 ("Waiver is the

20  intentional relinquishment of a known right after knowledge of the facts").  In the

21  insurance context, "California courts will find waiver when a party intentionally

22  relinquishes a right or when that party's acts are so inconsistent with an intent to enforce

23  the right as to induce a reasonable belief that such right has been relinquished." *Westoil*,

24  110 Cal. App. 4th at 151 (*citing Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 33-34

25  (1995)).  Chubb paid $1,073,296.95 under the Policy for ash and water damage to Ms.

26  Malkin's home in the aftermath of the Thomas Fire and January 2018 rains.  Indeed,

27  Chubb contends in its Motion that it "correctly paid" for the cost of cleaning up ash and

28

- 18 -

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*water damage* to the property in the aftermath of the Thomas Fire.  Dkt. 33-1, Chubb MJOP at 10:11-12.  It is unclear how Chubb reconciles the two positions as both claims arise out of the same occurrence and allege the same proximate cause.  In fact, the only difference in the two claims is the amount of loss. Therefore, to the extent Chubb now claims the Surface water exclusion applies to bar coverage, Chubb has knowingly and intentionally waived that argument.

### (4)   The Ground Water Exclusion Does Not Apply.

For reasons stated above, the Ground water exclusion is inapplicable under the efficient proximate cause doctrine where fire is determined to be the proximate cause of Ms. Malkin's loss.  Notwithstanding, the Ground water exclusion is also facially inapplicable as this case does not involve groundwater.

The Ground Water exclusion provides:

Ground water.  We do not cover any loss caused by:

- water or water borne material in the ground or lack of water in the ground;
- water pressure or lack of water pressure;
- leakage, overflow or seepage from natural or man-made sources; or
- backup or overflow of drainage channels or drainage fields.

But we do insure ensuing covered loss due to fire, explosion, or theft unless another exclusion applies.

"Ground water" is not defined in the policy.  "Where a term used in an insurance policy is not defined, it must be interpreted in its 'ordinary and popular sense.'"  *Pulte Home Corp. v. Am. Safety Indemn. Co.*, 14 Cal. App. 5th 1086, 1117 (2017).  Thus, "in interpreting a word in an insurance policy, including a word in an exclusion, a court may consult and consider definitions found in a common dictionary, provided the court does not disregard the policy's context, and maintains an eye on the fundamental goal of deciding how a layperson policyholder might reasonably interpret the exclusion's

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 19 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

language." *Id.* (citing *Baker v. National Interstate Ins. Co.*, 180 Cal. App. 4th 1319, 1340 (2009)). Mariam-Webster defines groundwater[4] as "water within the earth especially that supplies wells and springs" and "water that is underground." *Merriam-Webster.com,* definition of "groundwater" (last accessed Feb. 16, 2022).

Chubb's argument that the term Ground water includes rainwater that "went under the ground" is misleading, and gives the exclusion a broad interpretation, which is improper.[5] It also makes no sense when considered in the context of the Policy as a whole with Surface water being a separate exclusion. Ms. Malkin's loss did not result from underground water. Rather, the Thomas Fire inundated Ms. Malkin's Home with ash, which combined with heavy rains to produce the resulting loss. Therefore, the Ground water exclusion is facially inapplicable to the facts of this case.

**D.     Chubb is Not Entitled to Judgment as a Matter of Law on the Breach of Contract Claim.**

Judgment on the pleadings is not proper when a material fact is in dispute. *See e,g,*, *Herrera v. Zumiez, Inc.*, 953 F.3d 1063 (9th Cir. 2020). As evidenced by their cross motions, the Parties dispute the proximate cause of Ms. Malkin's loss. Ms. Malkin contends that the Thomas Fire was the proximate cause of her loss, while Chubb

---

[4] Words used in an insurance policy are to be interpreted according to the plain meaning which a layman would ordinary attach to them. *Reserve Ins. Co. v. Pisciotta*, 30 Cal. 3d 800, 807 (1982); *Delgado v. Heritage Life Ins. Co*., 157 Cal. App. 3d 262, 271 (1984) ("the policy should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert"). A layman would understand that the Policy's reference to "Ground water" is the same as "groundwater" as that term is ordinarily understood and defined. Therefore, any attempt by Chubb to argue that "Ground water" is not the same as "groundwater" and is actually broader to include rainwater that touches the ground must be rejected.

[5] *Jordan v. Allstate Ins. Co.*, 116 Cal. App. 4th 1206, 1214 (2004) ("Policy exclusions are strictly construed. Exceptions to exclusions on the other hand, are broadly construed in favor of the insured. As a result, an insurer cannot escape basic duty to insure by means of an exclusionary clause that is unclear") (internal citations omitted).

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No.:  21-cv-00172-CAS-PD

contends some other event was the proximate cause of her loss.  The efficient proximate cause doctrine invalidates any and all exclusions when the proximate cause of the damage (fire) is covered.  Because coverage under the Policy and Ms. Malkin's breach of contract claim turns on proximate cause, this issue of fact is material and dismissal therefore is improper.

### E.    Chubb is Not Entitled to Judgment as a Matter of Law on the Bad Faith Claim.

In support of its argument to dismiss Ms. Malkin's bad faith claim,[6] Chubb relies on the genuine dispute doctrine to assert that Ms. Malkin's claim for bad faith should be dismissed, positing that "a legitimate disputes exist[s]" and "there can be no liability for 'bad faith' if an insurer's coverage position is objectively reasonable."  Dkt. 33-1, Chubb's MJOP at 14:5-17.  Not quite. Even the cases that Chubb cites acknowledge that the genuine dispute doctrine does not apply in every case.  *See Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.*, 90 Cal. App. 4th 335, 348 (2001) (the genuine dispute doctrine "is an issue that should be decided on a case-by-case basis").

California courts have cautioned that "an expert's testimony will not *automatically* insulate an insurer from a bad faith claim based on a biased investigation." *Id.* at 348; *Guebara v. Allstate Ins. Co.*, 237 F.3d, 987, 994 (9th Cir. 2001); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1281 (1994) (allowing a bad faith claim to go to the jury notwithstanding the existence of a genuine dispute).  Where an insurer engages in a biased investigation, by among other things,

---

[6] In their Joint Stipulation, the Parties did not agree that Ms. Malkin's claim for breach of the implied covenant of good faith and fair dealing would be briefed.  Again, Chubb has violated the terms of the Parties' agreement by addressing this additional issue, and Ms. Malkin objects to Chubb's unilateral expansion.

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

failing to conduct a thorough investigation, the issue of bad faith ***must*** go to the jury. *Guebara*, 237 F.3d at 996; *Chateau Chamberay*, 90 Cal. App. 4th at 348-39.

Here, Ms. Malkin alleges that Chubb engaged in a biased investigation and treated her claim differently from other similarly situated claims (and even from her own prior claim for ash and water damage arising out of the same occurrence) solely because the claim amount was significant. Specifically, Ms. Malkin claims that Chubb breached its duty of good faith and fair dealing by acting unreasonably with respect to its investigation, handling and payment of Ms. Malkin's claim, by *inter alia*, "failing to conduct a full, fair, prompt, and thorough investigation of all the bases of Ms. Malkin's claim[7] and coverage therefor, including diligently searching for and considering evidence that supported coverage for the claimed loss, prior to denying coverage, and instead waiting to receive and rebut Ms. Malkin's investigative reports for the purpose of seeking excuses not to pay rather than reasons to pay." Dkt. No. 1-1, Complaint ¶ 106(c). This conduct is separate and apart from Chubb's conduct in denying coverage and thus cannot be adjudicated at this stage in the proceedings, even if the Court finds a genuine dispute with respect to coverage. *See e.g.*, *Salby v. Safeco Ins. Co.*, 1992 U.S. App. LEXIS 20618, *9 (9th Cir. 1992) ("The implied contract to deal fairly and in good faith exists regardless of whether Safeco is responsible for coverage under its express contract."); *Judah v. State Farm Fire & Cas. Co.*, 227 Cal. App. 3d 1133 (1990) ("the jury could have found State Farm guilty of improper claims handling practices which were independent of the coverage issue"), *review dismissed*, 281 Cal. Rptr. 766 (1991).

---

[7] For example, if a jury found that Chubb's deliberate ignorance to the Thomas Fire being the efficient proximate cause of Ms. Malkin's loss, then the jury could properly conclude that Chubb acted unreasonably and consciously ignored Ms. Malkin's policyholder rights. *Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994) (An insurer is liable for breach of the implied covenant of good faith and fair dealing if it acts unreasonably in denying coverage).

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## III.    CONCLUSION

For the foregoing reasons, Ms. Malkin respectfully requests that this Court deny Chubb's Motion in its entirety.

DATED: February 25, 2022

Respectfully Submitted
**REED SMITH LLP**

By:  */s/ Douglas C. Rawles*
David M. Halbreich
Douglas C. Rawles
R. Hugh Lumpkin
Christopher T. Kuleba

*Attorneys for Plaintiff*

KATHERINE L. MALKIN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No.:  21-cv-00172-CAS-PD