UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Miriam Baird | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
  Douglas Rawles
  David Halbreich
  Christopher Kuleba

Attorneys Present for Defendants:
  Matthew Ponzi

**Proceedings:**  PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 35, filed on February 4, 2022)

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 33, filed on February 4, 2022)

## I.   INTRODUCTION

On December 14, 2020, plaintiff Katherine L. Malkin filed this action in Santa Barbara County Superior Court against defendant Federal Insurance Company, alleging (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. See Dkt. 1-1 ("Compl."). Defendant issued an "all risk" insurance policy (the "Policy") to plaintiff with respect to her home located at 2910 Sycamore Canyon Road, Montecito, CA 93108 ("Home"). Id. ¶ 7. Plaintiff asserts that the Home and its contents suffered damage due to fire, ash, and rain during the January 27, 2017 to January 27, 2018 coverage period. Id. ¶¶ 25-27, 30-33, 35. Defendant rejected plaintiff's claims, and denied coverage for certain damage to the Home. Id. ¶¶ 75-76.

On January 6, 2021, defendant answered plaintiff's complaint. Dkt. 1-3. On January 8, 2021, defendant removed this action to this Court on the basis of diversity of citizenship. See Dkt. 1 ("Removal") ¶ 1.

On December 15, 2021, the parties filed a motion for leave to file cross-motions for judgment on the pleadings. Dkt. 28. Therein, the parties stated that "[s]olely for purposes of the parties' cross-motions for Judgment on the Pleadings . . . Malkin and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

Federal would stipulate to a set of undisputed facts and allegedly applicable policy exclusions [] in support of their respective cross-motions. Based on these Stipulated Facts, the Court [is requested to rule] as a matter of law whether, under the facts and defenses alleged, the policy affords coverage for Mrs. Malkin's claim or whether certain policy language and exclusions contained in the policy would preclude coverage. . . . Thus, the parties' briefing would focus on policy interpretation, which is a question of law for the Court." Id. at 3. The Court granted leave to file the cross-motions on December 28, 2021. Dkt. 29.

On February 4, 2022, plaintiff filed a motion for judgment on the pleadings. Dkt. 35 ("Plf's MJOP"). On February 4, 2022, defendant filed a motion for judgment on the pleadings. Dkt. 33 ("Def's MJOP"). The parties also filed a joint stipulation of facts in support of the cross-motions. Dkt. 32 ("SOF"). Therein, they stated that they "do not seek a ruling from the Court as to what the Court believes to be the efficient proximate cause of Ms. Malkin's loss." Id. at 2. Instead, they "request that the Court issue a ruling deciding whether, assuming Plaintiff's theory of causation is correct and proven at trial, the Policy exclusions would preclude coverage." Id.

On February 25, 2022, plaintiff filed her opposition to defendant's motion for judgment on the pleadings. Dkt. 38 ("Plf's Opp."). On February 25, 2022, defendant filed its opposition to plaintiff's motion for judgment on the pleadings. Dkt. 37 ("Def's Opp.")

The Court held a hearing on March 7, 2022. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The following facts are taken from the parties' pleadings and their joint stipulation of facts, and the documents subject to judicial notice.

### A.    The Property Damage

In December 2017, the Thomas Fire burned to within 3 miles of the Home, inundating the exterior of the Home, the gutters, and other drainage systems with ash. SOF Nos. 3-4. The smoke and ash also infiltrated the interior of the Home, damaging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

artwork, furniture, carpets, countertops, ductwork, and the attic. Id. No. 5. The fire was fully contained by January 12, 2018. Id. No. 3.

On January 9, 2018, heavy rain fell in Santa Barbara and Montecito. Id. Nos. 6-7. Because the Home drainage system was clogged with ash from the Thomas Fire, the rain overwhelmed the drainage systems, resulting in water overflow into and beneath the Home. Id. Nos. 8-9. This included water overflows onto the balconies and into the basement, foundation, and soil beneath the Home. Id. No. 12. In the areas of water intrusion into and under the Home, the soil supporting the eastern side of the Home compressed, the southeast portion of the Home settled approximately two inches, and the structure was damaged. Id. Additionally, after the rains, plaintiff noticed changes to the Home, including doors sticking, crown molding peeling, cracks in the walls, and black water pouring onto the foundation and into the basement. Id. No. 11.

Plaintiff initially made a claim for the costs of the fire, smoke, ash, and water damage to the Home and its interior. Compl. ¶ 42. By the end of August 2018, defendant had paid $1,073,296.95 in fire-related (ash and water) damage to the Home, including to plaintiff's balconies, rugs, furniture, fine art, and other of the Home's contents. SOF No. 10; see Compl. ¶ 48. On or about February 22, 2019, plaintiff notified defendant of the additional damage to the Home related to the soil compression, differential settlement, and cracks on the walls. Compl. ¶ 50. On February 22, 2020, defendant denied coverage for this loss. Compl. ¶¶ 76-78. Plaintiff rebuilt the Home due to concerns about its structural integrity due to the soil compression and settlement. Compl. ¶¶ 68, 83.

  **B. The Policy**

The policy at issue provides "all risk" coverage, under which coverage exists for all losses not expressly excluded by the policy:

**Deluxe House Coverage**

In Deluxe House Coverage, a "covered loss" includes **all risk** of physical loss to your house or other property covered under this part of your Masterpiece Policy, unless stated otherwise or an exclusion applies. Exclusions to this coverage are described in **Exclusions**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

SOF No. 13 (emphasis in original). The Exclusions section of the Policy states that "[t]he words 'caused by' mean any loss that is contributed to, made worse by, or in any way results from that peril." Id. No. 15. Defendant contends that the following policy exclusions apply to preclude coverage for the additional damage to the Home:

- **Structural movement**. We do not cover any loss caused by the settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, landings, steps, footings, foundations, walls, floors, roofs, or ceilings except loss to glass that is part of a building, storm door, or storm window. But we do insure ensuing covered loss due to fire, explosion, or theft unless another exclusion applies.

- **Surface water**. We do not cover any loss caused by:

    o Flood, accumulation of rainwater on the ground, surface water, wave action, including tidal wave and tsunami, tides, tidal water, seiche, overflow of water from a body of water, spray or surge from any of these, even if driven by wind;

    o Water borne material from any of the above, including when any such waters or water borne material enters and backs up or discharges from or overflows from any sewer or drain, located outside of or on the exterior of a fully enclosed structure, including gutters, rainwater pipes, downspouts, or underground drainage systems;

    o Run off of water or water borne material from a paved surface, driveway, walkway, patio, or other similar surface; or

    o Escape, overflow, discharge or release, for any reason, of water or water borne material from a canal, dam, reservoir, levee, dike, seawall, or any other boundary or containment.

    o However, we do insure ensuing covered loss due to fire, explosion, or theft unless another exclusion applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

- **Ground water.** We do not cover any loss caused by:
    - Water or water borne material in the ground or lack of water in the ground;
    - Water pressure or lack of water pressure;
    - Leakage, overflow or seepage from natural or man-made sources; or
    - Backup or overflow of drainage channels or drainage fields.
    - But we do insure ensuing covered loss due to fire, explosion, or theft unless another exclusion applies.

- **Earth movement**. We do not cover any loss caused by earth movement. "Earth movement" includes volcanic eruptions, landslides, mud flows, and any expansion, contracting, erosion, sinking, shrinking, rising, settling, or shifting of the earth, soil, or land. This exclusion applies whether or not the earth, soil, or land is combined or mixed with water or any other liquid or natural or man-made material.
    - We also do not cover any loss caused by: rain, lack of rain, snow, sleet, or hail; wind or fire; or dead or dying trees, bushes or groundcover, to the extent that these conditions cause or contribute in any way to, or result in, any form of earth movement.
    - However, we do cover losses caused by: a volcanic blast or airborne shock waves; ash, dust, or particulate matter; or lava flow, which are the direct result of a volcanic eruption.
    - We also insure ensuing covered loss due to fire, explosion, or theft unless another exclusion applies.

- **Collapse from earth movement**. We do not cover any loss caused by collapse or the imminent danger of collapse from earth movement, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

previously defined. But we do insure ensuing covered loss due to fire, explosion, or theft unless another exclusion applies.

SOF No. 14.

### III.   LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "'A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (quoting McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)).

A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

### IV.   REQUEST FOR JUDICAL NOTICE

Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Mullis v. U. S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

Here, plaintiff asks the Court to judicially notice: (1) a California Department of Insurance Bulletin and press release, issued on January 29, 2018; (2) a County of Santa Barbara Notice, titled "Document Support for Insurance Claims After Flooding and Debris Flows," dated February 16, 2018; (3) a California Insurance Commissioner Statement titled "Coverage of Flood, Mudslide, and Earth Movement Claims Relating to Recent Wildfires," dated January 26, 2021; and (4) the Senate Bill 917 Assembly Analysis. See Dkt. 36 at 5-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

The Court finds that judicial notice of these documents is appropriate. With respect to the public notices issued by the California Department of Insurance, the County of Santa Barbara, and the California Insurance Commissioner, "the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." U.S., ex rel. Modglin v. DJO Glob. Inc., 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015) (citations and quotation marks omitted). With respect to the California Assembly Analysis of Senate Bill 917, "the court may properly take judicial notice of legislative history, including committee reports." Stone v. Sysco Corp., No. 16-cv-01145-DAD-JLT, 2016 WL 6582598, at *4 (E.D. Cal. Nov. 7, 2016) (citing Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 945 n.2 (9th Cir. 2013)). While the Court takes judicial notice of the plaintiff's judicially noticed exhibits, it does not accept them for the truth of the matters asserted therein. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

In accordance with the foregoing, the Court **GRANTS** plaintiff's request for judicial notice.

## V. DISCUSSION

Based on the stipulated facts, the question before the Court is whether certain exclusions contained in the Policy preclude coverage. The parties state that they "do not seek a ruling from the Court as to what the Court believes to be the efficient proximate cause of Ms. Malkin's loss, and instead "request that the Court issue a ruling deciding whether, assuming Plaintiff's theory of causation is correct and proven at trial, the Policy exclusions would preclude coverage." SOF at 2.

Defendant argues that even if plaintiff "were to prove her home was damaged by settling caused by soil compaction/compression, she would be entitled to no recovery" because the Policy "does not cover the cracking and settling losses she has allegedly incurred (and which, solely for purposes of this motion, are assumed to have been incurred as alleged)." Def's MJOP at 8. In sum, defendant contends that because one or more of the Policy's exclusions apply to plaintiff's alleged damages, defendant is entitled to judgment as a matter of law. Id.

Plaintiff contends that Policy's exclusions do not apply because the Thomas Fire "was the predominate cause that allowed the others to happen," and "pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                          'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

California's efficient proximate cause doctrine, [] subsequent causes are irrelevant to the coverage determination and [defendant's] exclusions are inapplicable." Plf's MJOP at 8. Accordingly, plaintiff argues that judgment should be granted in her favor "as to the interpretation of the policy and that aspect of the pleadings." Id. at 10.

    **A.    Applicable Principles of Insurance Policy Interpretation**

"Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 647, 73 P.3d 1205, 1212 (2003); see also McHugh v. United Serv. Auto. Ass'n, 164 F.3d 451, 454 (9th Cir. 1999) ("[T]he interpretation of [an] insurance policy is a question of law for the court."). "The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995).

"The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the 'mutual intention' of the parties." Id. "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. "Such intent is to be inferred, if possible, solely from the written provisions of the contract." Waller, 11 Cal. 4th at 18. "The clear and explicit meaning of these provisions, interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage, controls judicial interpretation. Id. (internal citations and quotation marks omitted).

"Courts are to interpret coverage clauses in insurance contracts 'broadly so as to afford the greatest possible protection to the insured.'" Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 801 (9th Cir. 2017) (quoting Aroa Mktg., Inc. v. Hartford Ins. of the Midwest, 198 Cal.App.4th 781 (2011)). "In contrast, courts are to interpret 'exclusionary clauses . . . narrowly against the insurer.'" Id. "[T]he burden rests upon the insurer to phrase exceptions and exclusions in clear and unmistakable language. . . . The exclusionary clause must be conspicuous, plain and clear." MacKinnon, 31 Cal. 4th at 648 (internal citations and quotation marks omitted). "This rule applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for the claim purportedly excluded." Id. "The burden is on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                        'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

the insured to establish that the claim is within the basic scope of coverage and on the insurer to establish that the claim is specifically excluded." Id.

"'[I]n an action upon an all-risks policy . . . the insured does not have to prove that the peril proximately causing his loss was covered by the policy. This is because the policy covers all risks save for those risks specifically excluded by the policy. The insurer, though, since it is denying liability upon the policy, must prove the policy's noncoverage of the insured's loss--that is, that the insured's loss was proximately caused by a peril specifically excluded from the coverage of the policy.'" Vardanyan v. AMCO Ins. Co., 243 Cal. App. 4th 779, 796–97 (2015) (quoting Strubble v. United Services Auto. Assn., 35 Cal.App.3d 498, 504 (1973)).

Under an "all-risk" property insurance policy, it is the "efficient proximate cause," i.e., the "predominant" cause of the loss, that determines coverage. Garvey v. State Farm Fire & Cas. Co., 48 Cal. 3d 395, 402-03 (1989); see also Cal. Ins. Code § 530 ("An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause."). In other words, "[i]n determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause[,] the one that sets others in motion[,] is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." Sabella v. Wisler, 59 Cal. 2d 21, 31-32 (1963) (internal citation and quotation marks omitted). "By focusing the causal inquiry on the most important cause of a loss, the efficient proximate cause doctrine creates a 'workable rule of coverage that provides a fair result within the reasonable expectations of both the insured and the insurer.'" Julian v. Hartford Underwriters Ins. Co., 35 Cal. 4th 747, 754 (2005) (quoting Garvey, 48 Cal. 3d at 404). Pursuant to the efficient proximate cause doctrine, "reasonable insureds consider themselves insured against losses proximately caused by perils covered under a first party insurance policy, regardless of contrary language employed in connection with excluded perils." Julian, 35 Cal. 4th at 756.

"When a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss." State Farm Fire & Cas. Co. v. Von Der Lieth, 54 Cal. 3d 1123, 1131 (1991). "[T]he question of what caused the loss is generally a question of fact." Id. "Policy exclusions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

are unenforceable to the extent that they conflict with section 530 and the efficient proximate cause doctrine." Julian, 35 Cal. 4th at 754. However, "an insurer is not absolutely prohibited from drafting and enforcing policy provisions that provide or leave intact coverage for some, but not all, manifestations of a particular peril." Id. at 759.

    **B.**    **Whether The Policy's Exclusions Preclude Coverage**

In its motion, defendant claims that four of the Policy's exclusions independently apply to preclude coverage for the damages the Home suffered when it settled approximately two inches. Def's MJOP at 11. This includes the Structural Movement exclusion, which states that "[w]e do not cover any loss caused by the settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, landings, steps, footings, foundations, walls, floors, roofs, or ceilings." Dkt 1-1 ("Policy") at 54. Defendant argues that even if plaintiff were to prove that "the soil supporting the eastern side of the Home compressed, the Southeast portion of the Home settled approximately 2 inches, and the structure was damaged," SUF No. 12, the Structural Movement exclusion would exclude coverage for her loss.

Additionally, defendant points to the Earth Movement exclusion, which states that the Policy does not cover "any loss caused by earth movement," that the term "Earth Movement" includes "landslides, mud flows, and any expansion, contracting, erosion, sinking, shrinking, rising, settling, or shifting of the earth, soil, or land," and that "[t]his exclusion applies whether or not the earth, soil, or land is combined or mixed with water or any other liquid or natural or man-made material." Policy at 56-57. Defendants add that the Earth Movement exclusion also states that "[w]e also do not cover any loss caused by: rain; [or] fire; . . . to the extent that these conditions cause or contribute in any way to, or result in, any form of earth movement." Id. Defendant claims that the Earth Movement exclusion precludes coverage even if plaintiff argues that rainwater caused the soil to settle, which resulted in structural damage to the Home. Def's MJOP at 13-15. Finally, defendant claims that the Ground Water exclusion, which precludes coverage for "any loss caused by[] water or water borne material in the ground or lack of water in the ground," and the Surface Water exclusion, which precludes coverage for any loss caused by "accumulation of rainwater on the ground" and "surface water," also serve to preclude coverage for the damage to the Home. Def's MJOP at 15-18 (citing Policy at 54-55).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　　　'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

In her motion, plaintiff argues that her loss was caused by the Thomas Fire, "specifically, when the ash from the fire clogged her Home's drainage systems, [and] the water from the ensuing rains overflowed from the ash-clogged drainage systems and saturated the fill soil beneath the Home, causing the soil to compress and the Home to settle." Plf's MJOP at 13. Plaintiff argues that because she claims that the Thomas Fire was the efficient proximate cause of her loss, the efficient proximate cause doctrine precludes application of the Policy's exclusions. Id. at 14-19 (citing Encompass Ins. Co. v. Berger, No. CV 12-08294-MWF (PJWx), 2014 WL 4987978 (C.D. Cal. Oct. 7, 2014); Von Der Lieth, 54 Cal. 3d 1123; Davis v. United Servs. Auto Ass'n, 223 Cal. App. 3d 1322 (1990)).

Moreover, plaintiff argues that defendant may not enforce the Policy's exclusions to the extent that they would purport to circumvent the efficient proximate cause doctrine. Plf's MJOP at 19-20 (citing Howell v. State Farm Fire & Cas. Co., 218 Cal. App. 3d 1446 (1990). Plaintiff adds that defendant's interpretation of the Policy's exclusions is inconsistent with California public policy and the California Insurance Code, which provides that "[i]f a loss or damage results from a combination of perils, one of which is a landslide, mudslide, mudflow, or debris flow, coverage shall be provided if the insured peril is the efficient proximate cause of the loss or damage and coverage would otherwise be provided for the insured peril." Cal Ins. Code § 530.5.[1] Finally, plaintiff points to a bulletin issued by the California Department of Insurance, which states that there is a "substantial basis to indicate that the Thomas fire was the efficient proximate cause of the flooding, mudflow, debris flow, mudslide, landslide, and other similar events in Santa Barbara County following the Thomas fire." Plf's MJOP at 27.

In its opposition, defendant argues that plaintiff's contentions are irreconcilable with the parties' stipulation of facts in that plaintiff wrongly contends that one of the stipulated facts is that the Thomas Fire was the efficient proximate cause of the losses alleged by her. Def's Opp. at 4. Defendant claims that "the question presented is whether, if Plaintiff proves the facts set out in the Stipulated Facts, the loss is nonetheless excluded by the terms and condition of the insurance policy issued to Plaintiff by Federal." Id. In sum, defendant argues that "the Stipulated Facts show that the fire was a

---

[1] The Court notes that Section 530.5 of the Insurance Code became effective on January 1, 2019. See Cal. Ins. Code § 530.5 (West). Because the Court does not rely upon this provision, it need not reach the question of whether it is applies retroactively to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

remote cause of the loss, and not the efficient proximate cause of the loss." Id. at 7. Defendant also claims that Julian, 35 Cal. 4th at 760, is directly on point and forecloses plaintiff's argument. Id. at 4.

In its opposition, plaintiff argues that "[r]ather than addressing whether certain specified exclusions can be construed to apply when a specifically covered loss—fire—is the efficient proximate cause of Ms. Malkin's loss, [defendant] briefed why four exclusions should apply when some other event is the efficient proximate cause of loss. As a result, the Parties' respective motions are two ships passing in the night." Plf's Opp. at 7. Plaintiff adds that "[h]ad it addressed the agreed-upon issue, [defendant] would sink under the weight of California precedent on the efficient proximate cause doctrine." Id. Additionally, plaintiff argues that the policy exclusions relied upon by defendant are unenforceable in that "while [the exclusions] can apply if the excluded peril is the efficient proximate cause of the loss, they cannot and do not apply where, as here, a covered peril (the Thomas Fire) is the efficient proximate cause of the loss." Id. at 12.

Based on the stipulated facts, the Court finds that the Policy's exclusions do not as a matter of law preclude coverage if plaintiff's theory of causation is proven correct. As previously noted, under an "all-risk" property insurance policy, it is the "efficient proximate cause" of the loss, that determines coverage. Garvey, 48 Cal. 3d at 402-03. Moreover, courts are to interpret exclusionary clauses narrowly, especially where "the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for the claim purportedly excluded." MacKinnon, 31 Cal. 4th at 648. The theory of causation outlined by the stipulated facts is that the Home's drainage system was clogged with ash from the Thomas Fire, which resulted in water overflow into and beneath the Home during the January 2018 rainfall. See SOF No. 8. The "water overflowed onto the balconies and then overflowed into the basement, foundation and soil beneath the Home. In the areas of water intrusion into and under the Home, the soil supporting the eastern side of the Home compressed, the Southeast portion of the Home settled approximately 2 inches, and the structure was damaged." Id., No. 12. Pursuant to those stipulated facts, the ash from the Thomas Fire clogging the Home's drainage system was the "most important" cause of the damage to the Home. Julian, 35 Cal. 4th at 754. If the Thomas Fire is the efficient proximate cause of plaintiff's loss, the Structural Movement, Ground Water, and Surface Water exclusions do not preclude coverage. See Garvey, 48 Cal. 3d at 406 ("The task [is] one of identifying the most important cause of the loss and attributing the loss to that cause.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

While defendant also points to the Earth Movement exclusion, which states defendant "do[es] not cover any loss caused by: rain; [or] fire; . . . to the extent that these conditions cause or contribute in any way to, or result in, any form of earth movement," Policy at 56-57, the Court finds that parties' stipulated facts suggest that the Thomas Fire and subsequent rain resulted in damage caused by structural movement, not earth movement, since the Structural Movement exclusion more closely relates to the claimed damage to the structure of the Home. See SOF Nos. 11-12; see also Def's MJOP at 13 ("Based on the Stipulated Facts, the settling of the Southeast portion of the [H]ome caused structural damage in the form of structural movement – there was cracking and doors began sticking because the walls had moved. . . . If Ms. Malkin were to prove these allegations, the Structural Movement Exclusion would exclude coverage for her loss."). Accordingly, although pursuant to Julian insurers may "specifically exclude coverage for losses caused by a combination of excluded and covered perils (e.g., where an otherwise covered peril is excluded if it 'contributes with' an excluded peril to produce the loss)," Hon. H. Walter Croskey, et al., California Practice Guide: Insurance Litigation Ch. 6A-E (2021 ed.) (citing Julian, 35 Cal.4th at 756-59), the Court finds that the Earth Movement exclusion, in conjunction with Julian, does not preclude coverage as a matter of law. Rather, even following Julian, "[a] policy cannot extend coverage for a specified peril, then exclude coverage for a loss caused by a combination of the covered peril and an excluded peril, without regard to whether the covered peril was the predominant or efficient proximate cause of the loss." Vardanyan, 243 Cal. App. 4th at 796.

However, even if Earth Movement exclusion could plausibly be read as excluding coverage for the claimed damage to the Home where the Thomas Fire "cause[d] or contribute[d] in any way to, or result[e]d in, any form of earth movement," in contrast to the Weather Conditions exclusion at issue in Julian, it cannot be said as a matter of law that a reasonable insured would reasonably expect that a wildfire would cause the type of damage sustained to the structure of the Home at issue in this case. See Julian, 35 Cal.4th at 759-61. Thus, it might be determined that applying the Earth Movement exclusion to the claimed loss at issue in this case would be contrary to section 530 of the Insurance Code or the efficient proximate cause doctrine.

The parties requested that the Court "issue a ruling deciding whether, assuming Plaintiff's theory of causation is correct and proven at trial, the Policy exclusions would preclude coverage." SOF at 2. The Court finds that, based on the stipulated facts, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

Policy's exclusions do not preclude coverage as a matter of law if plaintiff's theory of causation is proven correct.

### C.　Breach of Contract Claim

Defendant argues that because there is no coverage for plaintiff's claim, plaintiff's breach of contract claim fails. Def's MJOP at 18 (citing Abdelhamid v. Fire Insurance Exchange, 182 Cal.App.4th 990, 999 (2010)). Plaintiff claims that the parties materially dispute the proximate cause of plaintiff's loss, which renders dismissal improper. Plf's Opp. at 20-21. Here, because the Court found that the Policy's exclusions do not preclude coverage if plaintiff's theory of causation is proven correct, judgment on the pleadings in favor of defendant on plaintiff's breach of contract claim is inappropriate.

### D.　Bad Faith Claim

To succeed on a bad faith claim, a plaintiff must show that "(1) benefits due under the policy [were] withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990). Defendant argues that plaintiff's bad faith claim fails because plaintiff was not due any benefits under the Policy. Def's MJOP at 18. However, defendant also argues that its position is objectively reasonable, and therefore there can be no liability on plaintiff's bad faith claim even if there remains a question as to whether plaintiff's is due benefits pursuant to the Policy. Id. at 19 (citing Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal.App.4th 335, 347 (2001)).

In opposition, plaintiff argues that even if the Court finds a genuine dispute with respect to coverage, plaintiff's complaint alleges that "[defendant] engaged in a biased investigation and treated her claim differently from other similarly situated claims," and that "[defendant] breached its duty of good faith and fair dealing by acting unreasonably with respect to its investigation, handling and payment of Ms. Malkin's claim." Plf's Opp. at 22. Plaintiff adds that "[t]his conduct is separate and apart from [defendant's] conduct in denying coverage and thus cannot be adjudicated at this stage in the proceedings, even if the Court finds a genuine dispute with respect to coverage." Id.

Here, because the Court found that the Policy's exclusions do not preclude coverage if plaintiff's theory of causation is proven correct, judgment on the pleadings in favor of defendant on plaintiff's bad faith claim is inappropriate. The Court notes that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 2:21-cv-00172-CAS-PDx | Date | March 7, 2022 |
|---|---|---|---|
| Title | Katherine L. Malkin v. Federal Insurance Company | | |

parties did not stipulate to any facts with respect to defendant's conduct in investigating plaintiff's claim and denying coverage, so the Court must accept as true the allegations made in plaintiff's complaint at this stage of the proceedings.

## VI. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for judgment on the pleadings for the limited purpose of determining whether the policy precludes coverage if plaintiff's theory of caution is proven correct, and **DENIES** defendant's motion for judgment on the pleadings.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |