UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBER) - PLAINTIFF'S MOTION *IN LIMINE* 6 (Dkt. 121, filed on August 9, 2023)

## I. INTRODUCTION

On December 14, 2020, plaintiff Katherine L. Malkin filed this action in Santa Barbara County Superior Court against defendant Federal Insurance Company, alleging (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. See Dkt. 1-1 ("Compl."). Defendant issued an "all risk" insurance policy bearing policy number 13854552-01 (the "Policy") to plaintiff with respect to her home located at 2910 Sycamore Canyon Road, Montecito, CA 93108 ("Home"). Id. ¶ 7. Plaintiff asserts that the Home and its contents suffered damage due to fire, ash, and rain during the January 27, 2017, to January 27, 2018 coverage period. Id. ¶¶ 25-27, 30-33, 35. Defendant rejected plaintiff's claims, and denied coverage for certain damage to the Home. Id. ¶¶ 75-76.

On January 6, 2021, defendant answered plaintiff's complaint. Dkt. 1-3. On January 8, 2021, defendant removed this action to this Court on the basis of diversity of citizenship. See Dkt. 1 ("Removal") ¶ 1.

On February 4, 2022, the parties filed cross-motions for judgment on the pleadings, along with a joint stipulation of facts in support of the cross-motions. Dkt. 32, 33, 35. Therein, they "request[ed] that the Court issue a ruling deciding whether, assuming Plaintiff's theory of causation is correct and proven at trial, the Policy exclusions would preclude coverage." Dkt. 32 at 2. On March 7, 2022, the Court granted plaintiff's motion for judgment on the pleadings. Dkt. 41. The Court found that, assuming the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

Thomas Fire was the efficient proximate cause of the damage to the Home, the Policy's exclusions do not, as a matter of law, preclude coverage. Id. at 12 (citing Garvey v. State Farm Fire & Cas. Co., 48 Cal. 3d 395, 402-03 (1989); MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 648 (2003)).

On July 7, 2023, plaintiff filed a motion for partial summary judgment as to defendant's affirmative defenses. Dkt. 76. On the same day, defendant filed its own motion for summary judgment, as well as a separate motion to preclude plaintiff's expert, Steven C. Helfrich ("Helfrich"), from testifying. Dkt. 106, 106-1, 107.

On August 9, 2023, plaintiff filed several motions *in limine*, including the instant motion ("motion *in limine* #6") to exclude all evidence of or reference to plaintiff's state of mind, motives, and intent relating to the Home. Dkt. 121. On the same day, defendant also filed several motions *in limine* as well as motions to preclude/limit witness testimony. Dkts. 129, 130, 131-38. On August 31, 2023, defendant filed oppositions to each of plaintiff's motions *in limine*, including motion *in limine* #6. Dkt. 170.

On September 18, 2023, the Court denied defendant's motion for summary judgment, denied defendant's motion to preclude Steven C. Helfrich from testifying, and reserved judgment on plaintiff's motion for partial summary judgment on defendant's affirmative defenses, pending supplemental briefing. Dkt. 190.

On September 16, 2023, the Court held a hearing on the parties' motions *in limine*.

Plaintiff's motion *in limine* #6 is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motions *in Limine*

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

    **B.**    **Federal Rules of Evidence**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides that "[i]rrelevant evidence is not admissible," and that "[r]elevant evidence is admissible unless" the United States Constitution, a federal statute, the Federal Rules of Evidence, or another rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. Pursuant to Rule 403, the Court should exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)).

**III.**    **DISCUSSION**

    **A.**    **Arguments**

Plaintiff moves to preclude defendant from referencing or presenting "evidence relating to her state of mind, motives, or intent regarding her home before, during, or after the Thomas Fire." Dkt. 121 ("PMIL 6") at 1. As an example, she points to deposition questioning where defendant's counsel asked plaintiff: "so when you learned of the Thomas Fire and the threat it posed to the house . . . you saw that as an opportunity to ask the insurance company to pay for construction that you were already contemplating?" Id. at 2.

Plaintiff argues that her state of mind/motive/intent regarding the home is irrelevant because it "do[es] not make it any more or less likely that the home was in fact damaged by the Thomas Fire," does not "act as an excuse for [defendant] to treat plaintiff any differently under California law, and [is] not relevant to the amount of damages a jury may award for [defendant's] lack of good faith or contractual breaches." Id. at 3. She further argues that this evidence is not relevant to any of defendant's affirmative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

defenses because defendant "has never alleged that [plaintiff] acted willfully (thereby making her state of mind relevant) in bringing about her loss." Id. at 4. She concludes by contending that "the California Supreme Court [in Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390 (2000)] made clear [that a defendant] cannot use [a plaintiff's] conduct as a defensive vehicle to excuse its own misconduct." Id. at 5.

In opposition, defendant argues that evidence of plaintiff's "longstanding plans to tear down and rebuild her residence" is relevant to numerous issues in this case. It points specifically to plaintiff's statements that "she saw the Thomas Fire as a potential 'double win' and that it would be her 'dream' for the vacation home to be declared uninhabitable." Dkt. 170 at 3. First, defendant alleges that this evidence is relevant to its affirmative defense #13 i.e., that plaintiff breached the implied covenant of good faith and fair dealing by failing to act reasonably and in good faith. Id. At oral argument, defendant's counsel claimed that plaintiff misreads Kransco, which did not address whether the defendant can point to comparative bad faith to defeat a contract claim. Second, defendant contends that the evidence is relevant to defendant's affirmative defense #12 i.e., that plaintiff failed to perform her duties under the policy. Id. at 4. At oral argument, plaintiff clarified that defendant has withdrawn affirmative defense #12. Finally, defendant claims that "evidence of [plaintiff's] state of mind is highly relevant impeachment evidence." Id. at 5. Specifically, defendant seeks to prevent plaintiff from pointing to the now-demolished home without revealing that "she planned to demolish the house long before the Fire even happened." Id. at 6-7. Defendant also seeks to use this evidence to challenge the credibility of plaintiff's expert, Steven Helfrich, by presenting facts that "may have influenced Helfrich's opinions, including [plaintiff's] pre-Fire desire to rebuild her house and her post-Fire efforts to have insurance pay for it." Id. at 7.

At oral argument, defendant additionally argued that plaintiff's state of mind is relevant to defendant's theory of alternative causation. Defendant will argue at trial that the predominate cause of the loss was gradual deterioration or faulty construction of the home, both of which are Policy exclusions. Defendant seeks to introduce evidence that plaintiff decided to tear down the house pre-Fire based on pre-Fire engineering reports discussing the poor foundation of the home. This evidence of plaintiff's pre-Fire state of mind is allegedly relevant to the question of causation. Plaintiff responded that the relevant emails/statements only discuss Ash & Water damage and are therefore irrelevant to explaining the causation of settlement at the home.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

**B.     Analysis**

The Court finds that evidence relating to plaintiff's state of mind before, during, and after the Fire (collectively, evidence of "plaintiff's state of mind") is admissible for some purposes but not others.

Evidence of plaintiff's state of mind is admissible for impeachment purposes. Specifically, the Court will admit evidence that calls into question plaintiff's credibility or contradicts her testimony on the stand. The scope of admissibility will depend on plaintiff's testimony at trial.

  1.     <u>Breach of Contract Claim</u>

In the breach of contract portion of this action, defendant may present evidence of plaintiff's state of mind when raising certain affirmative defenses, subject to limiting instructions to the jury.

As a threshold matter, the "duty of good faith and fair dealing in an insurance policy is a two-way street, running from the insured to his insurer as well as vice versa." <u>Kransco</u>, 23 Cal. 4th at 402. Thus, plaintiff is bound by a duty of good faith and fair dealing and her breach may lead to contract remedies and defenses.[1] Croskey et al., Cal. Practice Guide: Insurance Litigation, § 12:120 (noting that an "insured's breach leads only to contract remedies").

Defendant originally plead its thirteenth affirmative defense as follows:

> Defendant . . . alleges, that throughout the investigation of Plaintiff's claim, Plaintiff and her agents . . . breached the implied covenant of good faith and fair dealing by failing to act reasonably and in good faith towards Defendant.

---

[1] For example, an insured may breach their duty by "impairing [the] insurer's subrogation rights . . . against any third person who has caused [the] loss or damage" or by "defraud[ing] the insurer either in procuring the policy or in making a claim thereunder." Croskey et al., Cal. Practice Guide: Insurance Litigation, at 12:121, 12:128. Courts have found that an insurer "may maintain a common law fraud action against its insured (or cross-complain in any action by the insured) for damages resulting from the insured's fraud" including for investigative expenses that were triggered by the insured's false claim. <u>Id.</u> at 12:128, 12:131.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

As a consequence of Plaintiff's bad faith prosecution, handling and management of the claim, any damages awarded against Defendant should be reduced by the amount of damages attributable to said conduct of Plaintiff and her agents and representatives. Dkt. 1-3.

This appears to be a comparative fault defense. However, "contractual breaches are generally excluded from comparative fault allocations." Kransco, 23 Cal. 4th at 402. See Fed. Deposit Ins. Corp. v. O'Hanlon, No. CV-115569-RSWL-SHX, 2012 WL 12533796, at *2 (C.D. Cal. Jan. 19, 2012) ("California law does not generally recognize comparative fault as a defense to breach of contract."); LL B Sheet 1, LLC v. Loskutoff, 362 F. Supp. 3d 804, 828 (N.D. Cal. 2019) (observing that "courts in [the Ninth] [C]ircuit have relied on th[e] dicta [from Kransco], as well as other California cases, to exclude affirmative defenses of comparative fault to breach of contract claims"). Defendant is not permitted to argue for a reduction in damages based on plaintiff's breach of her duty of good faith and fair dealing. Accordingly, defendant may not introduce evidence of plaintiff's state of mind for such purposes.

However, defendant may still argue that coverage was voided altogether based on plaintiff's alleged breach of her implied duty. Under California law, a "false claim for benefits may justify denial of the claim or void coverage altogether." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 12:1174 (citing Kransco, 23 Cal. 4th at 408). Thus, to the extent that defendant is arguing plaintiff made a false claim that justifies denial of the claim or voids coverage, evidence of her state of mind is admissible.

Additionally, "acts constituting a breach of . . . express obligation[s] under the terms of [an] insurance policy may [also] void coverage entirely." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 12:1171; see Kransco, 23 C4th at 408, 411. Here, the Policy imposes certain duties on plaintiff. First, plaintiff has a "duty to advise [defendant] of additions, alterations, or renovations to [the] house . . . at the beginning of, throughout, and at the completion of construction so that the amount of coverage . . . can be adjusted . . . based on the construction cost information . . . provide[d]." Dkt. 108-1 at 129. Second, the Policy does not provide coverage if plaintiff "intentionally conceal[s] or misrepresent[s] any material fact relating to this policy before or after a loss." Id. at 103. Third, after a loss, plaintiff must "notify [defendant of the loss] without unnecessary delay," "take all reasonable means that are necessary to protect property from further loss or damage," "prepare a [detailed] inventory of damaged personal property," display "the damaged property" upon request, submit a "signed, sworn proof of loss providing all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

information and documentation [defendant] request[s] such as the cause of loss, . . . receipts, repair estimates and other similar records" "within 60 days [of defendant's] request," participate in "[e]xamination under oath" as often as defendant "reasonably require[s]," produce "a signed description of the circumstances surrounding a loss" upon request, and "produce all records and documents [that defendant] request[s]." Id. at 106. Fourth, plaintiff "agree[s] not to bring legal action against [defendant] unless [plaintiff] ha[s] first complied with all conditions of this policy." Id. at 107. Plaintiff also agrees that, in a legal action for property loss, she will bring her action "within one year after a loss occurs, but not until 30 days after proof of loss has been submitted to [defendant] and the amount of loss has been determined." Id. Evidence of plaintiff's state of mind is admissible if it tends to show that coverage was voided because plaintiff breached one of these duties. Generally, "both breach and materiality are questions of fact left to the jury." Aquamen Ent., LLC v. Pigmental, LLC, No. CV 17-58-GW, 2017 WL 7806619, at *6 (C.D. Cal. May 8, 2017).

Defendant also seeks to present evidence of plaintiff's state of mind to show an alternative cause of the loss to the home. It may not do so. Pre-Fire engineering reports showing a weak foundation at the home are certainly admissible to show that the Thomas Fire was not the efficient proximate cause of the alleged loss. However, pre-Fire evidence that plaintiff planned to rebuild the home or statements that plaintiff saw the Thomas Fire as a potential "double win" are irrelevant to whether the home was in fact damaged by the Fire.

   2.   Bad Faith Claim

In the bad faith portion of this action, defendant may also present evidence of plaintiff's state of mind when raising certain affirmative defenses, subject to limiting instructions to the jury. As a threshold matter, "[a]n insurer may not . . . assert an insured's comparative bad faith as an affirmative defense to absolve itself, in whole or in part, of its own tort liability for breach of the covenant of good faith and fair dealing." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 12:1173 (citing Kransco, 23 C4th at 408). However, Kransco "emphasize[d] that a liability insurer is not without redress for an insured's litigation misconduct." Kransco, 23 C4th at 410. To begin with, "there can be no liability for bad faith on the part of the insurer [without coverage]." Id. at 408. Thus, defendant may still present evidence of plaintiff's state of mind to show that plaintiff potentially voided coverage entirely by (1) making a false claim, or (2) breaching an express obligation under the terms of the Policy. Croskey et al., Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-00172-CAS(PDx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | KATHERINE L. MALKIN v. FEDERAL INSURANCE COMPANY | | |

Practice Guide: Insurance Litigation, §§ 12:1171, 12:1174. [JX: However, if we bifurcate, this may have already been resolved during the first phase and therefore would not be argued again.] Additionally, "[e]vidence of the insured's misconduct or breach of its express obligations . . . may . . . factually disprove[e] the insurer's bad faith by showing the insurer acted reasonably under the circumstances." Kransco, 23 C4th at 410. Accordingly, defendant may present evidence of plaintiff's state of mind to the extent it shows the reasonableness of defendant's conduct in investigating and handling the claim.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** plaintiff's motion *in limine* #6.

Defendant may introduce evidence of plaintiff's state of mind before, during, and after the Fire for impeachment purposes, depending on plaintiff's testimony at trial.

Regarding the breach of contract claim, defendant may introduce such evidence to argue that plaintiff voided coverage by making a false claim and/or breaching an express provision of the Policy. It may not introduce such evidence to argue for the application of comparative fault principles. Nor may it introduce such evidence to argue an alternative causation for the loss to the home.

Regarding the bad faith claim, defendant may also introduce such evidence to argue that plaintiff voided coverage by making a false claim and/or breaching an express provision of the Policy. Additionally, defendant may introduce such evidence to argue that it acted reasonably under the circumstances.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |